NUMBER 13-98-429-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


 FRANCISCO MANUEL REYNA , Appellant, 


v.


THE STATE OF TEXAS , Appellee.



On appeal from the 92nd District Court

of Hidalgo County, Texas.




MEMORANDUM OPINION

Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Dorsey


Defendant Francisco Manuel Reyna appeals from adjudication of guilt after earlier being placed on unadjudicated probation
on pleas of guilty to two counts of indecency with a child. See Tex. Pen. Code Ann. § 21.11 (Vernon Supp. 2001). The
court found he violated multiple conditions of his probation, including committing theft of over $500, committing the
offense of Driving While Intoxicated, failing to pay his fine and fees, failure to report to supervision officer, and failure to
participate in sex offender and alcohol abuse programs. He was sentenced to twenty years for one and ten for the other.

Evidence supporting the court's findings was given by appellant's probation officer and arresting officers. Appellant
testified in some respects contrary to the earlier witnesses. He complains that his trial counsel was ineffective during the
adjudication of guilt stage of the proceeding, in that counsel did not raise as a possible defense or mitigating factor his
mental impairments.

At the beginning of the hearing appellant was called to the stand to explain that he had been offered and refused an
agreement with the state for ten years confinement. The trial judge inquired whether he was under the influence of drugs or
alcohol that would impair his thought processes. Appellant responded that he had taken medication for seizures, but stated
that he was fully aware of the proceedings. 

Except for appellant's testimony that he is taking medication for seizures, there is no evidence that he is mentally or
emotionally impaired. Without some evidence of the existence and degree of impairment, we cannot say counsel was
ineffective for failure to raise the issue. See Strickland v. Washington, 466 U.S. 668, 687 (1984);Hernandez v. State, 988
S.W.2d 770, 770 (Tex. Crim. App. 1999) (to prevail on ineffective assistance claim, applicant must show from the record
that counsel's performance was deficient and that the deficient performance actually prejudiced the defense). Appellant's
first issue is overruled.

Appellant complains that his right to speak before sentencing was violated. Article 42.07 of the Code of Criminal
Procedure requires the trial judge, before pronouncing sentence, to ask the defendant whether he has anything to say why
the sentence should not be pronounced against him. See Tex. Code Crim. Proc. Ann. art. 42.07 (Vernon Supp. 2001). The
trial court failed to do so here.

However, we find no error and no harm. No objection was made to the trial court's failure. See Tex. R. App. P. 33.1; Eisen
v. State, 40 S.W.3d 628, 637 (Tex. App.--Waco 2001, pet. ref'd) (complaint about court's failure to follow article 42.07 not
preserved for appellate review). But more importantly, the statute continues and lists the sole reasons that sentence may not
be pronounced. See Tex. Code Crim. Proc. Ann. art. 42.07 (Vernon Supp. 2001) (stating the only reasons sentence may not
be pronounced are pardon, incompetency, and mistaken identity). None are applicable here. Appellant's second issue is
overruled.

The judgment is affirmed.


______________________________

J. BONNER DORSEY,

Justice

Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 21st day of February, 2002.