**UNITED STATES of America, Appellee,**

v.

**Alfredo Macias VALENZUELA,
Appellant.**

**No. 75–2938.**

United States Court of Appeals,
Ninth Circuit.

Oct. 6, 1976.

Rehearing and Rehearing En Banc
Denied Nov. 24, 1976.

Patrick J. Hennessey (argued), San Diego, Cal., for appellant.

Herbert B. Hoffman, Asst. U.S. Atty. on the brief, Terry J. Knoepp, U. S. Atty., Herbert B. Hoffman, Asst. U. S. Atty., argued, San Diego, Cal., for plaintiff-appellee.

Before TRASK and GOODWIN, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM:

Saving his right to appeal the court's refusal to suppress the marijuana found in his car, Alfredo Valenzuela went to trial on stipulated facts, and now appeals the resulting judgment of conviction.

The evidence was found by city police officers. Valenzuela contends that the search was illegal under California law and that the evidence would have been suppressed in a California court. He then argues that under *United States v. Di Re,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948), he is entitled to have the evidence suppressed in a federal court, even though the same evidence, if discovered by federal officers, would have been admissible.

While some of the force of Valenzuela's argument is diluted by our recent en banc decision in *United States v. Hall,* 543 F.2d 1229 (9th Cir. 1976), we need not decide what the result might be if the search of Valenzuela's automobile had been legal under federal law but illegal under California law. The search was based upon probable cause, and was legal under state law.

■ An automobile can be searched if there is probable cause to believe that it contains contraband and if there are exigent circumstances that make it impossible or impractical to get a warrant. *People v. Cook,* 13 Cal.3d 663, 119 Cal.Rptr. 500, 532 P.2d 148 (1975).

■ Exigent circumstances existed. Surveillance revealed that movable articles were being transported. The arrest was in the middle of the day and there could have been accomplices in the area. Delay would very likely have resulted in a loss of evidence.

A more difficult issue concerns probable cause to believe the car contained contraband. Probable cause in this case rests on three grounds: (1) informants, reliable and unreliable; (2) police observations of Valenzuela's activities; and (3) marijuana found in a car leaving the residence earlier in the day.

■ In January 1974, a reliable informant told Sergeant Burke of the Los Angeles Police Department that the defendant and one Jesus Rios were trafficking in marijuana. The informant was quite specific. He outlined the operation, and furnished addresses and descriptions. On April 11, 1974, the same informant told Sergeant Burke that the defendant was shipping large amounts of marijuana into the Los Angeles area. Sometime between April 11 and April 15, 1974, the informant told Sergeant Burke that the defendant was expecting a large shipment. On April 19 he told Sergeant Burke that the defendant had received a shipment of 500 kilos of marijuana and that it was currently at the Jesus Rios residence.

Agent Provencio received similar information from another informant on April 10, 1974. This informant was described by the trial judge as an informant who had previously furnished reliable information.

The information given by the informants in January 1974 was three months old at the time of the search. The information given in April did not establish that the informant was still speaking with personal knowledge. However, while the information of itself may not have provided probable cause to arrest anyone, it tied in with other information the police were gathering. When the information from the informants was reinforced by surveillance, we believe that the officers had probable cause.

Police surveillance saw Valenzuela at Rios' house on April 17. On April 19 the police again saw Valenzuela arrive at Rios' home and then leave again. Later, another car stopped at Rios' home and then left again. A third car, driven by Martin Salinas, came to Rios' home, and the occupants left with a brown paper bag. It was this

---

* The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

car which the officers decided to stop and search. The Salinas car was found to contain marijuana. Valenzuela now says this search was illegal.

Meanwhile, Valenzuela, who did not know of the first arrest and search, returned to Rios' home and pulled into the driveway. Boxes were loaded into Valenzuela's car trunk, and he drove away. His car was stopped, the trunk was searched, and Valenzuela was arrested.

Valenzuela argues that the observations of the police alone, prior to the search of the Salinas car, would not have provided probable cause. That may or may not be true. We need not decide. Several California cases have held that apparently-normal, lawful activity on the part of suspicious individuals does not constitute probable cause to search. *Cunha v. Superior Court,* 2 Cal.3d 352, 85 Cal.Rptr. 160, 466 P.2d 704 (1970). Here, the activity came close to being abnormal and suspect.

Although neither the informant's information nor the observations by the police alone constituted probable cause to search the Salinas car, when taken together the total effect was to produce a reasonable belief that a crime was being committed. *People v. Benjamin,* 71 Cal.2d 296, 78 Cal. Rptr. 510, 455 P.2d 438 (1969); *People v. McDaniel,* 16 Cal.3d 156, 127 Cal.Rptr. 467, 545 P.2d 843 (1976).

In this case, police observations confirmed that Valenzuela and Rios were working together and that a number of people were picking up something at Rios', home. The activity, while it looked innocent, took on a wholly different character when reinforced by the informant's information.

█ In federal court Valenzuela would have no standing to complain about the search of another's automobile. But California courts have stated a different rule. *People v. Martin,* 45 Cal.2d 755, 290 P.2d 855 (1955). There, the California Supreme Court held that illegally seized evidence was not admissible in court whether or not the defendant's rights have been violated by the search. In *People v. Johnson,* 70 Cal.2d 541, 75 Cal.Rptr. 401, 450 P.2d 865 (1969), the court held that a confession induced with illegally obtained evidence was inadmissible in court. While we have not been cited a California Supreme Court case holding that illegally obtained evidence may not be used to establish probable cause, a district court of appeal has so held. *People v. Gonzales,* 17 Cal.App.3d 848, 95 Cal. Rptr. 291 (2d Dist. 1971). California has the power under its own constitution to give its citizens a higher degree of protection from government than the federal constitution provides generally. *Cooper v. California,* 386 U.S. 58, 62, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); *People v. Brisendine,* 13 Cal.3d 528, 546–553, 119 Cal.Rptr. 315, 326–331, 531 P.2d 1099, 1110–1115 (1975).

We have been asked to remand this case for a trial court determination of the legality of the search of the Salinas automobile under California law. However, we have concluded that the search of the Salinas car was based upon probable cause, and was therefore legal under California law as well as under federal law. After the Salinas car was stopped, probable cause to arrest Valenzuela was no longer arguable. We need not decide, therefore, whether the California exclusionary rule which excludes from state courts tainted evidence, regardless of the kind of taint or the standing of the party seeking the exclusion, is to be given the same effect in the federal courts in this circuit. *Cf. United States v. Hall,* 543 F.2d 1229 (9th Cir. 1976).

Affirmed.