**Mickey Thomas HERNANDEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 506–97.**

Court of Criminal Appeals of Texas, En Banc.

April 14, 1999.

Thomas S. Morgan, Midland, Brian W. Wice, Houston, for appellant.

Jeffrey L. Van Horn, First Asst. Stat's Atty., Matthew Paul, State's Atty., Austin, for the State.

## OPINION

McCORMICK, P.J., delivered the opinion of the Court, in which KELLER, HOLLAND, WOMACK and KEASLER, JJ., joined.

We granted discretionary review in this case to reexamine, as a matter of state and federal constitutional law, whether to apply the two-prong *Strickland v. Washington* [1] standard or the *Ex parte Duffy* [2] standard to ineffective assistance of counsel claims "alleging a deficiency in attorney performance" at noncapital sentencing proceedings. We hold *Strickland* applies to these claims.[3]

---

1. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Cr. App.1980).

3. The now familiar two-prong *Strickland* test usually is stated as: (1) whether counsel's con-

duct was deficient, and (2) whether, but for counsel's deficient performance, the result of the proceeding would have been different. See *Strickland*, 104 S.Ct. at 2064, 2068. The *Strickland* standard contains two tests: attorney performance and prejudice. See *id.* The first prong of the *Strickland* test (attorney performance) essentially is the *Duffy* standard. See *Strickland*,

In *Duffy* a three-judge plurality of this Court decided, as a matter of federal and state constitutional law, that the "reasonably effective assistance of counsel" standard was the sole test in all cases alleging a deficiency in attorney performance. See *Duffy*, 607 S.W.2d at 513–16, 527 (applying the standard of "reasonably effective assistance of counsel" to test adequacy of representation when attorney performance is judged under the Sixth Amendment and Article 1, Section 10, of the Texas Constitution) (Onion, P.J., and Douglas, Odom, Tom G. Davis, Dally, and W.C. Davis, JJ., concurring in the result). Later, in *Strickland*, the United States Supreme Court rejected this standard as the sole test for claims alleging a deficiency in attorney performance in Florida capital cases. See *Strickland*, 104 S.Ct. at 2064, 104 S.Ct. 2052. The Supreme Court left open the question of whether the role of counsel in noncapital sentencing proceedings requires "a different approach to the definition of constitutionally effective assistance." *Strickland*, 104 S.Ct. at 2064.

Seizing upon this language from *Strickland* a *majority* of this Court in *Ex parte Cruz*[4] decided, as a matter of federal constitutional law, that the *Duffy* standard applies only to noncapital sentencing proceedings. See *Cruz*, 739 S.W.2d at 58. In other words, as a matter of federal constitutional law *Cruz* effectively decided a defendant does not have to show prejudice from deficient attorney performance at noncapital sentencing proceedings. Therefore, our current federal constitutional decisions say *Strickland* applies to claims alleging a deficiency in attorney performance in all cases except for noncapital sentencing proceedings to

which *Duffy* and *Cruz* (i.e, the first prong of *Strickland*) apply. See also *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Cr.App.1986).

We have decided to reexamine the question of whether to apply the *Duffy* and *Cruz* standards to claims alleging deficient attorney performance at noncapital sentencing proceedings. And, we have decided there are valid reasons for disregarding principles of *stare decisis* and for overruling *Duffy* and *Cruz*.

*Duffy* was decided before and without the benefit of *Strickland*. Therefore, to the extent *Duffy*, as we have limited it in *Cruz*, is inconsistent with *Strickland* on matters of federal constitutional law, we have no choice but to overrule it as we are obligated to follow United States Supreme Court precedent on matters of federal constitutional law. See *State v. Guzman*, 959 S.W.2d 631 (Tex. Cr.App.1998) (when we decide cases involving the United States Constitution, we are bound by United States Supreme Court case law interpreting it).

*Cruz*, which was decided after *Strickland*, misread some language in *Strickland* in concluding that a defendant does not have to show prejudice from deficient attorney performance at noncapital sentencing proceedings. See *Cruz*, 739 S.W.2d at 57–58.[5] This portion of *Strickland* upon which *Cruz* relied actually left open the question of what constitutes deficient attorney performance at noncapital sentencing proceedings. See *Strickland*, 104 S.Ct. at 2064 (finding it unnecessary to consider "role of counsel" at noncapital sentencing proceedings which "may require a different approach to the definition of constitutionally effective assis-

---

104 S.Ct. at 2064 (proper standard for attorney performance is that of "reasonably effective assistance"). The main difference between *Strickland* and *Duffy*, at least as this Court has applied it, is *Strickland* requires a showing of prejudice while *Duffy* does not require a showing of prejudice. See *Strickland*, 104 S.Ct. at 2062, 2067. So the issue in this case comes down to whether, as a matter of federal constitutional law, a defendant must show prejudice as a result of deficient attorney performance at noncapital sentencing proceedings.

4. *Ex parte Cruz*, 739 S.W.2d 53 (Tex.Cr.App. 1987).

5. *Cruz* relied on the following language from *Strickland* to conclude a defendant does not have to show prejudice from deficient attorney performance at noncapital sentencing proceedings:

"We need not consider the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance." *Cruz*, 739 S.W.2d at 57 (citing *Strickland*, 104 S.Ct. at 2064).

tance"). This portion of *Strickland* does not support our decision in *Cruz* that a defendant does not have to show prejudice from deficient attorney performance at noncapital sentencing proceedings.

On the contrary, with some exceptions not applicable here, *Strickland* clearly requires a showing of prejudice for *all* claims alleging deficient attorney performance primarily because the government is not responsible for and cannot prevent deficient attorney performance. *Strickland,* 104 S.Ct. at 2067 (government is not responsible for and cannot prevent deficient attorney performance; therefore, claims "alleging a deficiency in attorney performance" are subject to a general requirement that the defendant affirmatively prove prejudice); cf. *Burdeau v. McDowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921) (Fourth Amendment proscribes only "governmental action"). Therefore, as a matter of federal constitutional law, we are required to disregard principles of *stare decisis* and to overrule *Duffy* and *Cruz.*

Judge Mansfield's concurring and dissenting opinion and Judge Price's dissenting opinion claim we should continue to follow *Duffy* and *Cruz* under principles of *stare decisis.* However, the foregoing discussion demonstrates that *Duffy* and *Cruz* are inconsistent with *Strickland* on matters of federal constitutional law. Principles of *stare decisis* have no application in this context since we have no choice but to follow United States Supreme Court precedent on matters of federal constitutional law. See *Guzman,* 959 S.W.2d at 633. A contrary holding would in principle be the same as saying we do not have to follow applicable and controlling United States Supreme Court precedents in other cases that the dissenters perceive as providing "more protection" to criminal defendants. Such a position would violate the Supremacy Clause set out in Article VI of the United States Constitution. See *Guzman,* 959 S.W.2d at 633; *Lopez v. State,* 954 S.W.2d 774, 774–77 (Tex.Cr.App.1997) (McCormick, P.J., dissenting).

Assuming *Strickland* left open the question of whether a defendant is required to show prejudice from deficient attorney per-

formance at noncapital sentencing proceedings,[6] we perceive no valid reason why *Strickland* cannot apply, or why a different rule should apply, to noncapital sentencing proceedings. Judicial economy and uniformity of application would be served by applying *Strickland* to noncapital sentencing proceedings. *Strickland* does not expressly prohibit us from making it applicable to noncapital sentencing proceedings, and it is really the only United States Supreme Court authority to address the issue we consider today. Moreover, since the government also is not responsible for deficient attorney performance at noncapital sentencing proceedings, then a defendant should be required to show prejudice from this deficient attorney performance. See *Strickland,* 104 S.Ct. at 2067.

Instead of attempting to guess how the United States Supreme Court would decide the question that some believe it left open in *Strickland,* we should exercise restraint and consider *Strickland* to be the controlling authority for all ineffective assistance of counsel claims unless and until the United States Supreme Court decides otherwise. These are other valid reasons to disregard principles of *stare decisis* and to overrule *Duffy* and *Cruz.*

Finally, since *Duffy* also was decided as a matter of state constitutional law, it is necessary to decide whether to retain the *Duffy* standard as a matter of state constitutional law. The dissenters in *Cruz* apparently claimed we should have continued to apply the *Duffy* standard to *all* claims alleging a deficiency of attorney performance as a matter of state constitutional law. See *Cruz,* 739 S.W.2d at 60–61 (Clinton, J., dissenting) (*Duffy* standard "is equally appropriate for testing adequacy of all representation by counsel"), and at 61–63 (Duncan, J., dissenting). However, *Duffy* was a three-judge plurality opinion with no precedential value.

Moreover, while we have never squarely decided the scope of Texas' right to counsel constitutional provision, we have consistently held it is no more protective than its federal counterpart. See, e.g., *Hernandez,* 726 S.W.2d at 56–57. And, a valid and reason-

---

**6.** But see *Strickland,* 104 S.Ct. at 2064.

able argument can be made that Texas' right to counsel provision is actually less protective than its federal counterpart at least as it has been interpreted by United States Supreme Court decisions between 1938 and 1984.[7]

Apparently the intent of Texas' right to counsel constitutional provision does not affirmatively guarantee lawyers to those who cannot afford them and it does not affirmatively guarantee the effective assistance of lawyers to those who can afford them.[8] Texas' right to counsel constitutional provision, like the original intent of its federal counterpart, apparently is only intended to prohibit the government from interfering with the right of a criminal defendant "to employ a lawyer to assist in his defense." See *Hernandez*, 726 S.W.2d at 56; cf. *Scott*, 99 S.Ct. at 1160–61. In any event this case does not require the Court to decide whether Texas' right to counsel provision is less protective than its federal counterpart as interpreted in cases like *Gideon* and *Strickland.*

Judge Price's dissenting opinion claims the merits of the state and federal constitutional issues we have addressed are not fairly presented by the State's ground for review which asks whether the *"Duffy* standard should be abandoned." Judge Price's dissenting opinion claims this ground for review does not fairly present these issues because it does not specify whether *Duffy* should be abandoned "as a matter of federal constitutional law, state constitutional law, or both." However, since *Duffy* was decided as a matter of state and federal constitutional law, the State's ground for review fairly presents the issues we have addressed. We decline to engage in a hypertechnical construction of the State's ground for review to avoid the important issues presented by this case and others like it.

Finally, Judge Price's dissenting opinion characterizes our decision as a "political polemic" meant to criticize "contemporary Supreme Court jurisprudence." We disagree. Our decision rests on our understanding of what *Strickland* requires and it discusses a possible interpretation of what Texas' right to counsel constitutional provision was originally intended to accomplish.

Moreover, members of this Court have been known to criticize "contemporary Supreme Court jurisprudence." See *Cruz,* 739 S.W.2d at 60 (Clinton, J., dissenting) (what we have learned from experience is that from time to time a majority of this Court seems driven to pretend that Justices of the Supreme Court alone understand and are competent to decide constitutional law); *McCambridge v. State,* 778 S.W.2d 70, 77 (Tex.Cr. App.1989) (Teague, J., dissenting), cert. denied, 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990) (criticizing the "archconservative" Supreme Court). And, those few cases where this Court has interpreted a particular provision of the Texas Constitution as providing "more protection" than its federal counterpart have either implicitly or explicitly criticized contemporary Supreme Court jurisprudence. See *Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Cr.App.1996). State constitutional interpretation can cut both ways. See *Bauder,* 921 S.W.2d at 700 (Clinton, J., concurring), and at 706 fn 5 (McCormick, P.J., dissenting).

---

**7.** See *Strickland,* 104 S.Ct. at 2063 (Sixth Amendment right to counsel includes right to effective assistance of counsel); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 794–96, 9 L.Ed.2d 799 (1963) (Sixth Amendment applicable to states through Fourteenth Amendment's Due Process Clause); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (Sixth Amendment required appointment of counsel to indigent defendants in most federal criminal prosecutions).

**8.** See *Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581, 585 (Tex.Cr.App.1993) (when interpreting the Texas Constitution, our duty is to give effect to intent of voters who adopted it); *Hernandez,* 726 S.W.2d at 56 (Texas' right to counsel provision modeled after Sixth Amendment's right

to counsel provision); *Ex parte Jordan,* 879 S.W.2d 61, 62–64 (Tex.Cr.App.1994) (McCormick, P.J., dissenting); cf. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 1160–61, 59 L.Ed.2d 383 (1979) (considerable doubt that the Sixth Amendment itself, as originally drafted by the Framers of the Bill of Rights, contemplated any guarantee other than the right of an accused in a criminal prosecution in a federal court to employ a lawyer to assist in his defense); W. Beaney, *The Right To Counsel In American Courts,* at 27–33, 226 (1955) (Sixth Amendment's right to counsel provision originally intended as nothing more than guaranteeing the right to retain counsel, and before 1938 "no responsible authority, scholarly or judicial" claimed otherwise).

In this case, the Court of Appeals applied *Duffy*. Therefore, we reverse the judgment of the Court of Appeals and remand the case there to apply *Strickland*.

MANSFIELD, J., filed a concurring and dissenting opinion.

PRICE, J., filed a dissenting opinion in which MEYERS and JOHNSON, JJ., joined.

MANSFIELD, J., delivered the concurring and dissenting opinion.

For the reasons expressed in my concurring opinion in *State v. Ibarra*, 953 S.W.2d 242 (Tex.Crim.App.1997), I believe that overruling *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim.App.1980), would do violence to the principle of *stare decisis*. *Stare decisis* compels us to overrule precedent only where the reasons for doing so are compelling, i.e., it has become unworkable or has led to injustice. I am not convinced that application of the *Duffy* standard to determine whether counsel has rendered ineffective assistance at the punishment phase of a noncapital trial has led to injustice, the overturning of significant numbers of convictions or that it has become unworkable.

However, in my opinion, the *Duffy* standard does not apply to errors made by counsel during the guilt/innocence phase of a noncapital trial when such errors could have at most an indirect or ancillary impact on the effectiveness of assistance rendered by counsel at the punishment phase.[1] Furthermore, in light of the overwhelming evidence of guilt presented at trial, the outcome probably would not have been different even had counsel rendered flawless performance. Given the totality of representation test under *Duffy*, it appears appellant did not meet his burden, under *Duffy*, of demonstrating that his counsel was ineffective to the extent that he is entitled to a new punishment hearing.

Accordingly, I would reverse the judgment of the court of appeals and thus concur with the opinion of the majority to that extent. I would also remand the cause to the court of appeals to determine whether *Duffy* applies

to errors made during the guilt/innocence phase by counsel when such errors have at most an indirect or ancillary effect on the punishment phase. I would further order the court of appeals to apply the totality of representation test as part of its determination as to whether appellant received effective assistance of counsel at the punishment phase. See *Ex parte Walker*, 777 S.W.2d 427, 431 (Tex.Crim.App.1989). I respectfully dissent to that portion of the Court's opinion overruling *Duffy*.

PRICE, J., delivered a dissenting opinion in which MEYERS and JOHNSON, JJ., joined.

I dissent. We granted the State's petition for discretionary review on the following grounds:

(1) Does any error on the part of trial counsel that could have an indirect, ancillary impact upon the punishment phase of the trial invoke the *Duffy* standard, instead of the *Strickland* standard, for assessing potential ineffective assistance of counsel?

(2) Should the *Duffy* standard be abandoned as the analytical test for assessing claims of ineffective assistance of counsel based upon errors of trial counsel that relate to the punishment phase of a trial?

The second ground for review actually granted by this Court comes closest to stating the focus of the majority opinion. The State's argument under this ground asks us to abandon *Duffy* and apply the two-prong *Strickland* test. Although it argues that we should adopt *Strickland* and abandon *Duffy*, it does so without specifically discussing whether this is to be done as a matter of federal constitutional law, state constitutional law, or both. The State does this for the very simple reason that this Court has consistently held for more than a decade that the right to effective assistance of counsel under the Texas Constitution is the same as

---

1. Whether counsel rendered constitutionally ineffective assistance at the guilt/innocence phase is determined by application of the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

that right under the United States Constitution.[1]

Nevertheless, after rewriting the grounds for review presented to this Court, the majority detours into purely gratuitous *dicta*, in which it states the novel proposition that as to claims of right to counsel, the Texas Constitution now provides *less* protection to its citizens than the U.S. Constitution. This portion of the opinion is completely unnecessary. It is well established that a state, through its constitution and laws, may grant *greater* protections to its citizens than does

the federal constitution[2]; to the degree that a state gives less protection than the federal constitution, the protection granted by the federal constitution reigns.[3] Therefore, the section of the majority opinion on state constitutional law (*ante*, at 772–773), which is actually there to criticize contemporary Supreme Court jurisprudence on the Sixth Amendment's guarantee of a right to counsel, reads less like a judicial decision than a political polemic. However, since the job of courts is to decide concrete controversies of law,[4] such statements have no place in a court opinion.[5]

1. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986) (because Texas constitutional and statutory provisions do not create a standard in ineffective assistance cases more protective of a defendant's rights than the standard of *Strickland*, Court of Criminal Appeals will follow in full the *Strickland* standards in determining effective assistance and prejudice resulting therefrom); *see also Hathorn v. State*, 848 S.W.2d 101, 118 (Tex.Crim.App.1992), *cert. denied*, 509 U.S. 932, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993); *Black v. State*, 816 S.W.2d 350, 356 (Tex.Crim.App.1991); *Ex parte Felton*, 815 S.W.2d 733, 736 n. 4 (Tex.Crim.App.1991); *Derrick v. State*, 773 S.W.2d 271, 272–273 (Tex.Crim. App.1989), *cert. denied*, 493 U.S. 874, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989).

2. *See, e.g., PruneYard Shopping Ctr. v. Robins*, 447 U.S. 74, 81, 100 S.Ct. 2035, 2040, 64 L.Ed.2d 741 (1980) (A State is not limited in exercising "its police power or its sovereign right to adopt in its own Constitution individual liberties more expansive than those conferred by the Federal Constitution") (citing *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967)); *see also Connecticut v. Johnson*, 460 U.S. 73, 81 n. 9, 103 S.Ct. 969, 974 n. 9, 74 L.Ed.2d 823 (1983) (plurality opinion); *Michigan v. Mosley*, 423 U.S. 96, 120, 96 S.Ct. 321, 334, 46 L.Ed.2d 313 (1975) (Brennan, J., dissenting); *United States v. Cella*, 568 F.2d 1266, 1279 n. 9 (9 th Cir.1977); *United States v. Valenzuela*, 546 F.2d 273, 275 (9 th Cir.1975); *United States v. Hall*, 543 F.2d 1229, 1246 n. 17 (9 th Cir.1976 (Duniway, J., concurring), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977); *United States v. Geller*, 560 F.Supp. 1309, 1314 (E.D.Pa.1983), *aff'd sub nom. United States v. DeMaise*, 745 F.2d 49 (3 rd Cir.1984), *cert. denied*, 469 U.S. 1109, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985); *Bower v. State*, 769 S.W.2d 887, 903 (Tex.Crim.App.1989); *Milton v. State*, 549 S.W.2d 190, 192 (Tex.Crim.App.1977); *Crittenden v. State*, 899 S.W.2d 668, 676 (Tex.Crim.App. 1995) (Baird, J., dissenting); *Gillett v. State*, 588 S.W.2d 361, 367 (Tex.Crim.App.1979) (Roberts, J., dissenting); *Reeves v. State*, 969 S.W.2d 471, 484 (Tex.App.-Waco 1998, pet. ref'd); *Jones v.*

*State*, 867 S.W.2d 63, 65 (Tex.App.-Corpus Christi 1993, pet. ref'd); *State v. Engelking*, 771 S.W.2d 213, 218 (Tex.App.-Houston [1 st Dist.] 1989) (Dunn, J., dissenting), *rev'd*, 817 S.W.2d 64 (Tex.Crim.App.1991).

3. *See, e.g., Davis v. Bd. Of Medical Examiners*, 497 F.Supp. 525, 528 (D.N.J.1980); *Autran v. State*, 887 S.W.2d 31, 36 (Tex.Crim.App.1994) (plurality opinion); *Kann v. State*, 694 S.W.2d 156, 159 (Tex.App.-Dallas 1985, pet. ref'd).

4. *See, e.g., Matchett v. State*, 941 S.W.2d 922, 932–933 (Tex.Crim.App.1996) (plurality opinion) ("Judicial power ... is the power of the courts to decide and pronounce judgments and to carry them into effect between persons and parties who bring cases before them for decisions") (citation omitted), *cert. denied*, 521 U.S. 1107, 117 S.Ct. 2487, 138 L.Ed.2d 994 (1997); *Garrett v. State*, 749 S.W.2d 784, 803 (Tex.Crim.App.1988) (opinion on State's motion for rehearing) (plurality opinion) ("The Texas Constitution vests judicial power over criminal cases in the Court of Criminal Appeals and the courts of appeals ... ' 'Judicial power' is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision ...'Judicial power does not include the power to issue advisory opinions ... An advisory opinion results when a court attempts to decide an issue that does not arise from an actual controversy capable of final adjudication") (footnote and citations omitted); *Gammage v. Compton*, 548 S.W.2d 1, 9 (Tex.1977) (Yarbrough, J., dissenting) (courts "... are restricted to the exercise of 'judicial power,' which 'is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision' " (citation omitted), *cert. denied sub nom. Paul v. Gammage*, 431 U.S. 955, 97 S.Ct. 2676, 53 L.Ed.2d 271 (1977).

5. This unrestrained diatribe is particularly striking, since just prior to it, the majority states that it is now applying *Strickland* to claims of ineffective assistance of counsel in noncapital sentenc-

Furthermore, although the majority does not say so, its opinion overrules, *sub silentio*, a decision we handed down less than two years ago. In *Valencia v. State*, 946 S.W.2d 81, 83 (Tex.Crim.App.1997), we once again held that the standard of *Ex parte Duffy*, rather than the *Strickland* standard, was to be used when assessing claims of ineffective assistance of counsel with respect to punishment. The barest respect for both the doctrine of *stare decisis* [6] and for the institutional integrity of this Court suggests that we should adhere to our own opinions for some minimal amount of time. That the majority does not do so here, and does not even acknowledge that it is not doing so, is doubly disturbing.

For the foregoing reasons, I dissent.

ing proceedings, as a matter of "exercis[ing] restraint." *Ante*, at 772.

**6.** *See Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 854, 112 S.Ct. 2791, 2808, 120 L.Ed.2d 674 (1992) (recognizing that the doctrine of *stare decisis* is based on the premise "... that no judicial system could do society's work if it eyed each issue afresh in every case that raised it") (citing Cardozo, The Nature of the Judicial Process 149 (1921)).