11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Nicholas Dewayne Franklin

Appellant

Vs.                   Nos.
11-01-00274-CR & 11-01-00275-CR   B Appeals from Dallas County

State of Texas

Appellee

 

After a
nonjury trial, Nicholas Dewayne Franklin was convicted of the unlawful
possession of a controlled substance and the unauthorized use of a motor
vehicle.  The trial court assessed his
punishment at confinement for 3 years and a fine of $1,000 for possession of
the controlled substance and confinement for 18 months and a fine of $1,000 for
the unauthorized use of the motor vehicle. 
We affirm.

                                                              The
Two Indictments

The first
indictment charged that, on or about May 25, 2000, appellant possessed more
than one but less than four grams of cocaine.[1]  The second indictment charged that, on or
about December 27, 2000, appellant operated a motor-propelled vehicle without
the effective consent of the owner.[2]

                                                               The
Issue on Appeal

Appellant
urges the same issue in both appeals. 
He argues that he Ahas been denied the effective assistance of counsel,@ and he cites U.S. CONST. amends. VI and
XIV.  There is no challenge to the
sufficiency of the evidence.

                                                               Relevant
Testimony








The first
two witnesses were police officers who testified about the December
offense.  Officer Townsend Howard
testified that he had been a police officer for 12 years and that he was
working undercover.  He saw a 1976 model
Chevrolet pickup being driven by appellant. 
He checked with the dispatcher and received a report that the pickup had
been stolen.  Officer Howard called for
a uniformed officer to Acome out and stop the vehicle.@  Officer Townsend identified
appellant as the man who was driving the pickup.

The second
witness, Officer Tina Duncan, testified that she was the officer in the marked
patrol car who responded to the call from Officer Howard.  She also identified appellant as the man who
was driving the vehicle.  Appellant gave
the name ADante Tremont Franklin,@ but Officer Duncan later learned that his
true name was ANicolas Franklin.@ 
Appellant later told her that the name he had first given was his son=s name. 
She said that appellant also claimed that he had bought the truck and
that he had a Abill of sale and a title.@ 
Appellant asked her to call his wife and have her bring those documents
to the scene.  Officer Duncan stayed
with appellant until his wife brought some documents to the scene.  Those documents were admitted into
evidence.  Appellant was arrested after
the wife of the vehicle=s owner was contacted and said that the vehicle had been stolen.  Officer Duncan testified that the steering
column had been broken, and she also said that the pickup was Atowed to the auto pound.@  

The third
witness,  Officer Maria Webb, testified
about the earlier offense,  saying that
she responded to a Adrug
house call@ about a Awhite Cadillac sitting in a vacant lot@ which had  a Ablack male in there possibly armed with a gun
and selling drugs out of the vehicle.@  Officer Webb and two other
officers went to the vehicle and knocked on the door.  She said that they Akept banging@ until
appellant woke up, sat up, and looked at them. 
Officer Webb said that appellant Areally didn=t
respond at first@ and that he finally climbed over to the
passenger side.  When they were able to
open the door, she pulled appellant out of the car.  Officer Webb saw a Ablue baggie@ which
appeared to contain drugs.  She
identified the baggie that was introduced into evidence.  There is no dispute about the fact that it
contained 1.09 grams of cocaine. 
Officer Webb identified appellant as the man she pulled from the car at
about 4:45 a.m. that morning.








The State=s last witness, Edwin Smith, testified that
he is the owner of the 1976 pickup which appellant was driving on December 27,
that it had been stolen in December, that he had promptly reported to the
police that it had been stolen, and that the police later called him when they
found his pickup.  Smith testified that
he had not sold that pickup to anyone and that he did not know appellant.  Smith identified the Aold insurance policy@ which appellant=s wife brought to the scene of his
arrest.  Smith said that was his policy
on the pickup.  Smith also testified
that the Atitle@ which appellant=s wife brought to the scene was not the title to his pickup.  The identification numbers on that title are
not the same as the numbers on the pickup. 
On cross-examination Smith testified that someone had Achanged the key switches@ before he got his pickup from the
pound.  Smith said Ait had been repaired@ before he got it back. 

Appellant
was the fifth witness.  He admitted that
he did not know Edwin Smith, but he claimed that he got the pickup from a man
named Smith who claimed to be the owner and who gave him a title to the
pickup.  Appellant claimed that the man
who Asold@ him the pickup had a Afor sale@ sign on the pickup when he showed it to him,
and appellant claimed that he had a police officer Arun a check@ on the title to make sure that it was not stolen.  He said the officer ran that check at the
Auto Zone store in November of last year. 
Appellant also testified that he had the key to the truck and that the
steering column was not broken. 
Concerning the other offense, appellant admitted that he was in the car
when the police arrested him; however, he claimed that he did not know about
the cocaine and that he was installing a stereo in the car.  Appellant testified that he was waiting in
the car for the owner to come back to pay him for his work.  Appellant testified that he was not selling
drugs out of that car, that he did not have a gun with him, and that it was not
his car.  On cross-examination appellant
said that the lights were not working in the car because Athe battery wasn=t hooked up.@  Appellant denied that he was
ever on the driver=s side
of the car.  Appellant admitted that the
vehicle identification numbers were different on the insurance papers and on
the title which he gave to the officers at the time of his arrest.  He explained why he lied about his name that
night, saying: ASo I did what I could to stay free.@ 
Appellant admitted that he had been on probation for a forgery offense
in Bowie County in 1998 and that he had two misdemeanor assault convictions in
Dallas County in 1997.     

                                                                Trial
Court=s Ruling








After
hearing argument of counsel, the trial court found that appellant was guilty of
the unlawful possession of cocaine in the first case and of the unauthorized
use of a motor vehicle in the second case. 
The trial court then heard testimony from appellant=s mother[3]
in support of his application for probation, reviewed the presentence
investigation report, heard argument of counsel[4]
on punishment, and assessed the punishment in each case, giving credit for the
time served while the cases were pending.

                                                              Assistance
of Counsel

The
standard for reviewing claims of Aineffective assistance of counsel@ is clearly set forth in Strickland v. Washington, 466 U.S. 668, 693
(1984).  Hernandez v. State, 988 S.W.2d
770 (Tex.Cr.App.1999), makes it clear that the Anow familiar two-prong Strickland test@ applies to all criminal proceedings in
Texas. 

The
Supreme Court said in Strickland v. Washington, supra at 689:

Judicial
scrutiny of counsel=s
performance must be highly deferen-tial....Because of the difficulties inherent
in making the evaluation, a court must indulge a strong presumption that
counsel=s conduct falls within the wide range of
reasonable professional assistance.

 

Appellant
has not shown that his trial counsel=s conduct was ineffective. 
Moreover, appellant has not shown that, Abut for@ his counsel=s performance, Athe result@ of
the trial would have been different. 
Hernandez v. State, supra at 770 n.3. 








Appellant
argues that the trial court should have appointed a different lawyer to
represent him because the Aanimosity@
between appellant and his court-appointed trial counsel was Aextensive.@  Appellant argues that their Apersonality conflict@ had reached the point that the
court-appointed trial counsel Acould not properly represent appellant as his advocate.@ 
Appellant cites Buntion v. Harmon, 827 S.W.2d 945 (Tex.Cr.App.1992), and
Stearnes v. Clinton, 780 S.W.2d 216 (Tex.Cr.App.1989).  In those cases, the trial court had removed
the court-appointed attorney over the defendants= objections.  In the cases
before us, the trial court refused to appoint a different attorney when
appellant wanted the court to remove the first attorney and appoint a different
one.  The cases before us are more like
the situation before the court in King v. State, 29 S.W.3d 556, 566
(Tex.Cr.App.2000), where the court noted that Apersonality conflicts and disagreements concerning trial strategy are
typically not valid grounds for withdrawal@ and then stated: AA trial court has no duty to search for counsel agreeable to the
defendant.@  The
sole issue is overruled.

                                                                This
Court=s Ruling

The
judgments of the trial court are affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

May 23, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

McCall, J., and Dickenson, S.J.[5]











[1]Cause No. F00-49477-UH in Criminal District Court No. 1
of Dallas County, Cause No. 11-01-00275-CR in this court.





[2]Cause No. F00-57168-SH in Criminal District Court No. 1
of Dallas County, Cause No. 11-01-00274-CR in this court.





[3]Appellant=s
mother testified that appellant was 23 years of age, that he had never been
convicted of an offense involving a weapon, that he had never been convicted of
any sex offense, that she had never known him to use drugs, and that she was
willing and able to assist him in meeting all the terms and conditions of
probation.  





[4]After the State waived its opening argument, appellant=s court-appointed trial counsel made an argument of the
evidence which supported his request for community supervision.  The State then  closed, arguing that Atime
and time again@ appellant has been given breaks, arguing that
appellant had lied to the court Aover and over
again,@ and asking the court to send appellant to the
penitentiary.





[5]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.