11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William
Franklin Owens

Appellant

Vs.      
            No. 11-01-00283-CR  -- 
Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted William Franklin Owens of the offense of sexual assault.  Upon a plea of true to the enhancement
allegation, the trial court assessed his punishment at confinement for 55 years
and a fine of $800.  We affirm.  

                                                                   Points
of Error

Appellant
has briefed five points of error on appeal. 
In the first two points, he contends that the trial court abused its
discretion by refusing to strike for cause an unfit juror who displayed a lack
of candor during voir dire and who was involved in an improper discussion
outside the courtroom.  In the third and
fourth points, appellant argues that the trial court abused its discretion by
denying his motion for mistrial that was made with respect to the allegedly
unfit juror.  In his fifth point, appellant
contends that he was denied the right to effective assistance of counsel at
trial.  

                                                                   Juror
Conduct

The first
four points of error relate to the conduct of Juror Bradley Woodruff.  After the jury had been chosen and the
remaining venire members had been dismissed but before the jury had been
impaneled, the trial court became aware that Juror Woodruff may have engaged in
improper conduct.  The record reflects
that the following discussion occurred on the morning after the jury had been
chosen but before the jury had been sworn: 









THE
COURT:  Mr. Woodruff, we don=t know one way or the other in terms of some
information that came to us.  One of the
other members of the panel had called my bailiff and also called the Defense
and they thought they had a conversation with you out in the hallway while we
were on break striking our list.  And he
said that you had had a conversation saying that you didn=t care what was said, whatever evidence was
presented if he=s been indicted you were automatically going
to find him guilty or if he doesn=t testify that you would automatically find him guilty.  Is that the gist of it?  

 

THE
BAILIFF:  Yes, ma=am.  

 

THE
COURT:  So I just need to make sure that
you don=t have that position. 

 

THE
JUROR:  No.  I was actually asking a question is that almost admission of
guilt if he does not testify to the other party.  

 

THE
COURT:  But you=re not making the statement that if he doesn=t testify you=re going to find him guilty?  

 

THE
JUROR:  No.  

 

THE
COURT:  You understand that he has an
absolute right not to testify? 

 

THE
JUROR:  Yes.  I=ve been in a similar situation myself.  Not in this kind of case, but not having to
testify.  

 

THE
COURT:  Okay.  So if he doesn=t testify you=re not
going to automatically hold it against him? 


 

THE JUROR:  No.  

Appellant=s trial counsel also questioned Juror
Woodruff, who continued to explain that he Asimply asked@ a
question of the other venire member:  AI was just asking him the question is that an
admission of guilt to you.@  Juror Woodruff maintained that
he Acould care less if [the defendant] testifies
or not.  I can judge from whatever is
presented before me and not have him up there.@ Appellant=s
trial counsel made a motion to strike Juror Woodruff and a motion to disregard
the entire jury panel and Astart all over.@  The trial court overruled
appellant=s motions, and Juror Woodruff sat on the jury
that convicted appellant.  








The
proponent of a challenge for cause has the burden of establishing that his
challenge is proper by showing that the challenged juror Aunderstood the requirement of the law and
could not overcome his prejudice well enough to follow it.@ 
Feldman v. State, 71 S.W.3d 738, 747 (Tex.Cr.App.2002).  Juror Woodruff=s responses to both the trial court=s and trial counsel=s inquiries indicate that he understood the requirements of the law and
that he would follow those requirements. 
Further, there is nothing in the record showing a lack of candor during
voir dire.  We hold that the trial court
did not abuse its discretion by refusing to strike Juror Woodruff or by
refusing to grant the motion for new trial. 
The first, second, third, and fourth points of error are overruled.  

                                                       Effective
Assistance of Counsel

In his
final point, appellant contends that he received ineffective assistance of
counsel at trial.  Appellant urges the
following reasons for his contention: 
(1) the failure to preserve the issue regarding the trial court=s refusal to strike Juror Woodruff, (2) the
failure to request that the trial court investigate Juror Woodruff=s fitness based on comments in which he
equated an indictment with guilt, (3) the failure to preserve the issue
regarding whether Woodruff=s comments prejudiced other jurors, (4) the failure to exclude various Aoutcry@ evidence as hearsay, and (5) the failure to exclude appellant=s admission to an investigator from the child
protective services as an inadmissible oral confession.  








In order
to determine whether appellant's trial counsel rendered ineffective assistance
at trial, we must first determine whether appellant has shown that counsel's
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel's errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986).  In assessing counsel's
performance, we must make every effort to eliminate the distorting effects of
hindsight, to reconstruct the circumstances, and to evaluate the conduct from
counsel's perspective at the time.  We
must indulge a strong presumption that counsel's conduct fell within the wide
range of reasonable professional assistance; and appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Stafford
v. State, 813 S.W.2d 503, 508‑09 (Tex.Cr.App.1991).  Appellant is not entitled to perfect or
error‑free counsel.  Isolated
instances of errors of omission or commission do not render counsel's
performance ineffective; ineffective assistance of counsel cannot be
established by isolating one portion of trial counsel's performance for
examination.  McFarland v. State, 845
S.W.2d 824 (Tex.Cr.App.1992), cert. den=d, 508 U.S. 963 (1993).  

Since we
have addressed the claims involving Juror Woodruff on their merits, we do not
find that trial counsel was ineffective for failing to preserve them.  The record does not indicate that Juror
Woodruff equated an indictment with guilt. 
Rather, it appears that the trial court initially mis-spoke about what
the conversation entailed.  The bailiff
and trial counsel, not the trial court, were the ones who were informed about
the conversation by the venire person. 
Further, there is nothing in the record indicating that Juror Woodruff=s conversation prejudiced any members of the
panel or that he did anything other than merely ask a question of another
venire person.  

With
respect to trial counsel=s failure to object to the hearsay statements made by the victim about
the offense and to appellant=s oral statement, we hold that appellant has failed to meet the second
prong of the Strickland test. 
The result of the trial probably would not have been different if
counsel had excluded the hearsay and appellant=s oral statement.  The record
shows that the victim, appellant=s 14-year-old daughter, testified in detail that on two separate
occasions appellant placed his penis in her vagina and moved up and down.  In his handwritten voluntary statement,
appellant admitted that he and some of the members of his family Awere drinking [and] all ended up on the
floor.@ 
Appellant continued:  A[M]y Daughter ended up kissing me and...I
ended up putting fingers in my Daughter...my Daughter ended up on top of
me...and put my penis inside her.@  Appellant also testified at
trial.  At first, he denied having
engaged in any sexual activity with his daughter, but he eventually testified
that he remembered his daughter being on top of him and putting his penis
inside of her vagina.  Appellant has
failed to show that he received ineffective assistance of counsel at
trial.  The fifth point of error is
overruled.  

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed. 


 

July 11, 2002                                                                           TERRY McCALL

Do not publish.  See
TEX.R.APP.P. 47.3(b).                JUSTICE

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.