NUMBER 13-07-00254-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

TOMMY LEE AGUIRRE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court


of San Patricio County, Texas.
 

 

 

MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Tommy Lee Aguirre, appeals from a first degree felony conviction of
possession of a controlled substance, cocaine, with the intent to deliver. See Tex. Health
& Safety Code Ann. § 481.112(a), (c) (Vernon 2003). Aguirre sought the imposition of
community service from the jury during the punishment phase of trial, but the jury assessed
punishment at 25 years' imprisonment and court costs. By one issue, Aguirre contends
that he was denied effective assistance of counsel during the punishment phase of trial
because testimony elicited by his trial counsel caused the jury to sentence him to prison
rather than community supervision. We affirm.

I. Background

 Aguirre was indicted by a San Patricio grand jury for possession of cocaine with
intent to distribute. Id. Before trial, Aguirre filed a sworn "application for community
supervision from the jury." See Tex. Code of Crim. Proc. Ann. art. 42.12, § 4 (d)(3), (e)
(Vernon Supp. 2007). In his application, Aguirre averred that he had "never before been
convicted of a felony in the State of Texas." The jury found Aguirre guilty of the charged
offense.

 At the punishment phase of trial, the State waived its opening argument and did not
offer any new evidence. Aguirre's trial counsel also waived opening argument during the
punishment phase, but called several witnesses to testify. Aguirre's trial counsel first called
Roberto S. Ramon, a probation officer, to testify about the community supervision program
and its eligibility requirements. The defense also called Mike Mejias, the lead investigator
in the case, to testify about whether Aguirre had previously been convicted of a felony. 

 The third defense witness was Aguirre. On direct examination, Aguirre testified that
he had not been convicted of a felony in Texas or any other state; however, Aguirre also
testified on direct examination that he had previously been placed on community
supervision for misdemeanor possession of marihuana in 2005. Aguirre further testified
to being incarcerated at the San Patricio County jail for approximately 120 days prior to the
trial. 

 Before the State cross-examined Aguirre, the trial court held a bench conference
regarding one of the several motions in limine that Aguirre had filed at the outset of the
trial. The State wanted to pursue a line of questioning regarding Aguirre's previous
convictions and failure to make a court appearance in November 2006. Aguirre's trial
counsel objected and argued that such evidence was highly prejudicial and "d[id] not add
anything to the jury [in their determination] of whether or not [Aguirre] should be considered
for probation." The trial court permitted the State to pursue the questioning because the
defendant testified that he was incarcerated, and the trial court stated that the "jury is
entitled to an explanation of why [he was] in jail."

 During cross-examination, Aguirre testified to violating his misdemeanor community
supervision terms multiple times by (1) leaving Bee County, (2) failing to report to his
probation officer, and (3) failing four urinalysis tests by testing positive for marihuana and
cocaine. Aguirre also testified to missing his appointed court date for the indictment in the
instant case in August and on November 6, 2006. Aguirre testified to missing the
November court date due to being detained by law enforcement officials because a friend
and passenger in a car Aguirre was in had a bag of cocaine that was discovered by the
authorities. Aguirre then testified to being arrested on November 25, 2006, when a Mathis
Police Department officer arrested him while he was putting gas in his vehicle. Aguirre also
testified to timely appearing in court fifteen or sixteen times previously and claimed he now
realized his "big mistake" by using drugs.

II. Discussion

 In a single issue, Aguirre contends that the jury would have assessed a different and
more favorable punishment if he had been provided with effective assistance of counsel
at the punishment phase. Specifically, Aguirre alleges that his trial counsel was ineffective
for allowing him to testify and, which subjected him to cross-examination led to his
testimony concerning his previous convictions and previous failures to appear in court.

A. Standard of Review

 The right to counsel guaranteed by the Sixth Amendment is the right to effective
assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The
constitutional right to effective assistance of counsel merely insures the right to reasonably
effective assistance. See, e.g., Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App.
2006). The right does not mean errorless counsel whose competency or accuracy of
representation is to be judged by hindsight. Id. 

 In reviewing claims of ineffective assistance of counsel, we apply the two-prong
Strickland test to determine whether assistance of counsel was so defective as to require
reversal of the defendant's conviction. Strickland, 466 U.S. at 687. The Strickland test
applies to claims of ineffective assistance of counsel at all phases of the trial. Hernandez
v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). To establish ineffective
assistance of counsel under the Strickland test, appellant must prove by a preponderance
of the evidence that (1) his trial counsel's representation was deficient in that it fell below
the standard of prevailing professional norms; and (2) there is a reasonable probability that,
but for counsel's deficiency, the result of the trial would have been different. Strickland,
466 U.S. at 687-94. 

 Furthermore, allegations of ineffective assistance of counsel must be firmly founded
in the record, with the record affirmatively demonstrating the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). On direct appeal, a
reviewing court indulges a strong presumption that counsel's conduct fell within the wide
range of reasonable professional assistance. Id. at 813-14. If there is at least the
possibility that the conduct could have been legitimate trial strategy, the reviewing court
must defer to counsel's decision and deny relief on an ineffective assistance of counsel
claim on direct appeal. Id.

B. Challenge to Ineffective Assistance of Counsel

 Aguirre contends that his counsel was ineffective when he called Aguirre to the
stand and introduced evidence of a prior conviction. We disagree.

 Aguirre complied with the applicable regulations and made a timely application to
the jury requesting community supervision. See Code of Crim. Proc. Ann. art. 42.12
(d)(3), (e) (Vernon Supp. 2007). Defense counsel's questioning of Officer Ramon properly
informed the jury of the community supervision eligibility requirements. Defense counsel
attempted to question Mejias regarding Aguirre's criminal history in order to provide the
evidence to the jury that Aguirre did not have any prior felony convictions such that he
would be ineligible for community supervision. See id. art. 42.12 (d)(2). The State
objected on the basis of hearsay, and the objection was sustained.

 Defense counsel then called on Aguirre to establish that he had not been previously
convicted of a felony, in order to establish his eligibility for community supervision. Before
cross-examination, Aguirre's counsel reasserted his pre-trial motion in limine to prevent the
State from introducing evidence of Aguirre's previous failure to appear in court such that
it would prejudice the jury; the court allowed the State to proceed with the line of
questioning. The State's line of questioning exposed Aguirre's multiple probation violations
and his previous failures to appear in court. On appeal, Aguirre does not take issue with
the court's ruling, but only challenges his defense counsel's effectiveness in allowing him
to testify.

 After reviewing the record, we cannot say defense counsel's representation at trial
was deficient such that it fell below the standard of prevailing professional norms. Aguirre's
contentions fail to rebut the strong presumption that defense counsel's conduct fell within
the wide range of reasonable personal assistance. See Thompson, 9 S.W.3d at 813-14.

 Defense counsel called Aguirre to the stand to provide evidence demonstrating that
he had no previous felony convictions and was eligible for community supervision. Prior
to trial and cross-examination, asserted several motions in limine in an attempt to prevent
the State from introducing evidence of Aguirre's criminal history, including his previous
failures to appear in court. Defense counsel's decision to call Aguirre to the stand appears
to be a legitimate trial strategy to pursue community supervision. See Navejar v. State,
730 S.W.2d 121, 125 (Tex. App. - Corpus Christi 1987, pet. ref'd) (providing that counsel's
decision to have defendant testify and also expose defendant's previous felony convictions
in order to be "up front" with the jury was legitimate trial strategy). 

 Aguirre's testimony established that he had no prior felony convictions. Counsel
could have also believed that his motions in limine could have prevented the line of
questioning about the previously missed court appearances. Because there is a possibility
that the conduct was legitimate trial strategy, we must defer to counsel's decision and deny
relief on an ineffective assistance of counsel claim on direct appeal. See Thompson, 9
S.W.3d at 813-14; see also Hernandez v. State, 84 S.W.3d 26, 35 (Tex. App.-Texarkana
2006, pet. ref'd) (finding viable trial strategy if there is a plausible explanation that counsel
called defendant to testify in order to fully disclose past misdeeds and argue defendant had
reformed and would be an appropriate community supervision candidate). Aguirre's sole
issue is overruled.

III. Conclusion

 The judgment of the trial court is affirmed.

 

 ____________________ 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 26th day of June, 2008.