IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0777-08






GERALD WAYNE SMITH, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 In Hernandez, the majority overruled the "reasonably effective assistance of
counsel" standard from Ex Parte Duffy in favor of Strickland's requirement that a
defendant show that he was prejudiced by his attorney's deficient performance. (1) What's
more, the majority in Hernandez gave no reason for abandoning the Duffy standard, only
stating: "[W]e perceive no valid reason why Strickland cannot apply, or why a different
rule should apply, to noncapital sentencing proceedings." Hernandez, 988 S.W.2d at 772. 
The obvious reason for applying a different rule to claims involving ineffective assistance
at punishment is that the Strickland standard is a barrier that cannot be met in this context. 

 In the ten years since we switched from Duffy's "reasonably effective assistance of
counsel" to the Strickland standard, we have not granted relief in a single case raising
ineffective assistance of counsel at punishment. Basically, as long as the sentence is
within the normative punishment range, the Court can say that the defendant has not
shown harm. Thus, even if a defendant receives substandard representation, it is
impossible for him to show that his sentence would be different if his counsel had not
been deficient. 

 In Hernandez, I joined Judge Price's dissent to the majority's application of the
Strickland prejudice standard to noncapital sentencing proceedings. Now writing for the
majority, Judge Price perpetuates that unworkable standard. Therefore I respectfully
dissent.


 Meyers, J.

Filed: June 17, 2009

Publish
1. See Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999); Ex Parte Duffy, 607
S.W.2d 507 (Tex. Crim. App. 1980); Strickland v. Washington, 466 U.S. 668 (1984).