**Opinion filed September 17, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00345-CR

_____

## DONALD GENE RHOADES, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 355th District Court**
**Hood County, Texas**
**Trial Court Cause No. CR12411**

### M E M O R A N D U M   O P I N I O N

The grand jury indicted Donald Gene Rhoades for the offense of injury to an elderly person.[1]  *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2014).  The indictment also contained one enhancement paragraph in which the grand jury charged that Appellant had been convicted previously of the offense of unauthorized use of a motor vehicle.  Later, the State filed a "**NOTICE OF ENHANCEMENT**"

---

[1]Under a docket equalization order, the Supreme Court of Texas transferred this appeal from the Second Court of Appeals to the Eleventh Court of Appeals.  As required under TEX. R. APP. P. 41.3, we will decide this case in accordance with the precedent of the Second Court of Appeals.

under Section 12.42 of the Texas Penal Code. *See* PENAL § 12.42(d). In the notice, the State set out two additional enhancement paragraphs: placement of a stamp or serial number on a vehicle with the intent to change the vehicle identity and conspiracy to manufacture more than fifty grams of methamphetamine. In the notice, the State also set out four habitual counts: driving while intoxicated—maiming, possession of a controlled substance, unauthorized use of a motor vehicle, and theft of oilfield property. The jury convicted Appellant of the offense of injury to the elderly. At the conclusion of the punishment phase of the trial, the jury found that an enhancement paragraph and a habitual count were true and assessed Appellant's punishment at confinement for a term of ninety-nine years. The trial court sentenced Appellant accordingly. We affirm.

In a single point of error, Appellant claims that he was denied effective assistance of counsel because his trial counsel declined to make an opening statement during the punishment phase of the trial. In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether he has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, an allegation of ineffective

2

assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the record on direct appeal will not be sufficient to show that trial counsel's performance was so lacking as to overcome the presumption of reasonable conduct. *Id.* at 813–14.

Appellant contends that the right to make an opening statement is a valuable statutory right and that his trial counsel deprived him of that right. At the appropriate time in the proceedings, Appellant's trial counsel told the trial court, "Judge, we'd reserve our opening." That statement, coupled with the fact that trial counsel did not subsequently make an opening statement, led Appellant to reach the conclusion that his lawyer simply forgot to present an opening statement. Because his attorney simply forgot to make an opening statement, Appellant argues, the omission could not be classified as trial strategy. Appellant claims that the prevailing norm is for the trial attorney to provide the jury with a foundation so that counsel could at least attempt to redirect any mindset established by the State. Appellant maintains that trial counsel's failure to make an opening statement caused the jury to believe that the State's case-in-chief was correct. He argues that the jury's verdict would have been different had his lawyer made an opening statement.

The State asserts that trial counsel's decisions are presumed to be the result of sound strategy, that Appellant does not rebut that presumption, and that the record supports the conclusion that the defense attorney strategically decided to waive his opening statement. The State argues that an opening statement would have alerted the prosecution to trial counsel's strategy to elicit mitigating evidence during cross-examination of the prosecution's witnesses. Further, the State contends that there was overwhelming evidence to justify Appellant's sentence and that Appellant has not shown how the outcome would have been different if his trial counsel had made an opening statement.

We agree with the State. Appellant has not shown that his trial counsel's representation fell below an objective standard of reasonableness. Choosing not to make an opening statement is inherently a tactical decision. *Standerford v. State*, 928 S.W.2d 688, 697 (Tex. App.—Fort Worth 1996, no pet.) (holding trial counsel clearly made a tactical decision to waive opening statement because an opening statement would have given the State a preview of the defense's strategy). Further, in the punishment phase, Appellant's attorney successfully elicited mitigating testimony from the prosecution's punishment witnesses. For example, counsel produced testimony from Appellant's mother, a State's witness, that Appellant had never struck her, that he was helpful around the house, that he trimmed the trees, and that he worked on her car. Moreover, in closing, trial counsel argued that Appellant was not a violent person and that the injury was minor and that, therefore, the punishment should be assessed at the minimum of twenty-five years. Additionally, the record is silent as to why Appellant's counsel decided not to make an opening statement. Thus, Appellant has not overcome the presumption that, when his counsel did not give an opening statement, he was acting within the wide range of reasonable assistance. We hold that Appellant has not shown that trial counsel was deficient; therefore, he has not met the first prong of *Strickland*. Because Appellant has not met his burden under the first prong of *Strickland*, we need not discuss the second prong. We overrule Appellant's sole point of error.

We affirm the judgment of the trial court.


September 17, 2015                                JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).        CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4