11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kevin Damon Neal

Appellant

Vs.                   No.  11-01-00239-CR C Appeal from Dallas County

State of Texas

Appellee

 

The jury convicted appellant of possession of
cocaine with intent to deliver.  The
trial court assessed punishment at 6 years confinement and a $5,000 fine.  We affirm.

There is no challenge to the sufficiency of
the evidence.  The record shows that on
November 9, 2000, Dallas police officers executed a search warrant at 8350 Park
Lane, Apartment No. 361 in Dallas County. 
Upon entering the apartment, the officers found two individuals in the
bedroom and found appellant on the balcony of the apartment.   Appellant was lying on his stomach on the
floor of the balcony and around him were several baggies of crack cocaine,
loose rocks of crack cocaine, and a broken plate.  Officers who were in the parking lot of the apartment complex
observed appellant come out onto the balcony carrying a plate, and they saw him
throw small objects.  The officers
recovered 17 baggies containing crack cocaine that appellant threw from the
balcony. 

In his sole point of error, appellant
complains that he received ineffective assistance of counsel.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999).  We must
indulge a strong presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance; and appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d
503, 508-09 (Tex.Cr.App.1991).








Appellant specifically argues that his trial
counsel was ineffective in failing to Apursue a challenge of evidence recovered pursuant to an invalid search
warrant.@ 
Appellant contends that the search warrant was invalid because the
supporting affidavit did not state any time frame during which the offense
occurred.  The trial court, in
determining whether a probable cause affidavit sufficiently supports a search
warrant, examines the totality of the circumstances and gives great deference
to the magistrate's decision to issue the warrant.   Ramos v. State, 934 S.W.2d 358, 362‑63 (Tex.Cr.App.1996), cert.
den=d,  520 U.S. 1198 (1997); State
v. Duncan,  72 S.W.3d 803 (Tex.App. ‑
Fort Worth 2002, pet=n dism=d); Saunders v. State, 49 S.W.3d 536, 542
(Tex.App. ‑ Eastland 2001, pet=n ref'd).  In determining
whether probable cause exists to issue a warrant, a magistrate may draw
reasonable inferences from the affidavit and must interpret the affidavit in a
common-sense and realistic manner.  
Ramos v. State, supra.  The
allegations in the affidavit are sufficient if they would "justify a
conclusion that the object of the search is probably on the premises."  Ramos v. State, supra at 363.  The affidavit states that:

It is the belief of Affiant, and he hereby
charges and accuses, that:  The subject
described in paragraph #3[1]
did on the 7th day of November, 2000 in the City of Dallas, Dallas County,
Texas possess a controlled substance, to wit: Cocaine at 8350 Park Lane #361.

 

       
Affiant has probable cause for said belief by reason of the following
facts: Affiant, A. D. Gipson #4420, is employed as a detective by the City of
Dallas Police Department and is currently assigned to the Narcotics Division.

 

       
On November 7, 2000, the Affiant received information from a
confidential informant that the informant had been to the location described in
paragraph above and seen the subject described in paragraph #3 above in
possession of and selling cocaine.  The
Affiant knows from past dealings with the informant that the informant is
familiar with the appearance and packaging of the drug cocaine.  The informant stated that he/she had been
inside the location within the past 24 hours, and also that he/she had been
inside the location on previous occasions and seen the subject in paragraph #3
in possession of and selling cocaine.

 








Appellant argues that the affidavit does not
state when the informant saw the subject in possession of cocaine.  Officer Gipson stated in his affidavit that
he believed the subject to be in possession of cocaine on November 7, 2000,
because of information received that same day from a reliable confidential
informant.  We find that the affidavit
alleges facts from which the magistrate could have found that cocaine was on
the premises.  Ramos v. State, supra.   Therefore, trial counsel was not
ineffective in failing to challenge the validity of the search warrant.  See 
McFarland v. State, 845 S.W.2d 824, 846 (Tex.Cr.App.1992), cert. den=d, 508 U.S. 963 (1993).

Moreover, in a pretrial motion, appellant=s trial counsel requested a Ahearing outside the presence and hearing of
the jury to determine the admissibility of any physical evidence recovered
during the investigation of this case.@  There was not a hearing
conducted at trial.  The record is
silent as to why appellant=s trial counsel did not request a hearing on the admissibility of the
evidence at trial.  Appellant has not
overcome the presumption that his trial counsel=s decision was based upon sound trial strategy.  Thompson v. State, 9 S.W.3d 808
(Tex.Cr.App.1999).  Appellant=s sole point of error is overruled.

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

October 10, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Appellant is not the subject described in Paragraph No.
3 of the affidavit.