LOGUE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-005-CR

LUCAS ALAN LOGUE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lucas Alan Logue entered into a plea bargain agreement on October 27, 1999 in which he agreed to plead guilty to aggravated assault causing serious bodily injury.  Appellant was sentenced to eight years’ confinement and placed on community supervision for ten years in accordance with the plea bargain agreement.  The conditions of Appellant’s community supervision were amended at least three times before a petition to revoke was filed on September 26, 2002.  The petition alleged that Appellant violated the terms of his community supervision by failing to report to his probation officer, failing to pay his supervision fees, failing to pay the shock incarceration fees, and failing to complete 240 hours of community service restitution.  Appellant pled true to two of these allegations, and signed a written acknowledgment of his limited right to appeal.

The trial court revoked Appellant’s community supervision and set punishment at eight years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a notice of appeal on December 5, 2002 and a motion for new trial on December 6, 2002 alleging that his pleas were not voluntary and knowingly entered.
(footnote: 2)
 Appellant’s sole point on appeal argues that he was denied effective assistance of counsel because his counsel failed to investigate or prepare for trial and proceeded to trial on the issue of penalty while unfamiliar with the applicable law and facts.  According to Appellant, he had only the briefest communications with his counsel, which were manipulative and resulted in misinformation designed to compel Appellant’s plea of true.  Appellant waived his right to have a court reporter make a record of the court proceedings.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. 
Id
.  In the present case, without a reporter’s record, Appellant cannot establish ineffective assistance of counsel.
  See id
. at 813-14.  We overrule Appellant’s sole point and affirm the judgment of the trial court. 

PER CURIAM

PANEL F:  HOLMAN, GARDNER, AND WALKER, JJ. 

DO NOT PUBLISH  

Tex. R. App. P. 
47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Both parties on appeal state that Appellant was initially placed on deferred adjudication community supervision.  In fact, the record reflects that Appellant was placed on “straight” or “regular” community supervision rather than deferred adjudication community supervision.  
Tex. Code Crim. Proc. Ann. 
art. 42.12, §§ 3, 5 (Vernon Supp. 2004).  Accordingly, this court has jurisdiction over Appellant’s appeal from the revocation of his community supervision.  
Id
. art. 42.12, § 23(b).