COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-251-CR
  
  
JOE 
ROBERT PATRON                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted appellant Joe Robert Patron of sexually assaulting his daughter, 
found the habitual offender enhancement paragraph in the indictment to be true, 
and assessed his punishment at confinement for life. Appellant contends on 
appeal that the trial court abused its discretion by prohibiting him from asking 
the victim’s mother about the victim’s tendency to lie and by allowing the 
State to elicit testimony from appellant’s stepdaughter that he sexually 
abused her as well. Appellant also complains about ineffective assistance of 
counsel. We affirm.
        In 
his first point, appellant claims that the trial court violated his Sixth 
Amendment right to confront witnesses by refusing to allow him to cross-examine 
the victim’s mother about the victim’s truthfulness. But appellant did not 
raise this constitutional issue in the trial court; he argued only that the 
evidence was admissible to show the victim’s habit of lying. Thus, appellant 
did not preserve this issue for review. See Johnson v. State, 963 S.W.2d 
140, 142 (Tex. App.—Texarkana 1998, pet. ref’d). We overrule appellant’s 
first point.
        In 
his second point, appellant contends that the trial court erred in allowing his 
stepdaughter, R.E., to testify that he sexually abused her as well as the 
victim. The trial court allowed the State to elicit this testimony after 
appellant’s cross-examination of R.E., during which she admitted she did not 
like appellant. Appellant’s counsel asked whether she did not like him because 
appellant took her father’s place and she wanted her mother to get back 
together with her father. The trial court determined that appellant opened the 
door to the sexual abuse testimony by insinuating that R.E. was biased against 
appellant because she wanted her mother and father to get back together.
        Appellant 
complains that the prejudicial effect of this testimony substantially outweighed 
its probative value. See Tex. R. 
Evid. 403. But during the victim’s testimony, after she had detailed 
what appellant had been doing to her, she testified that she found out appellant 
had been doing the same thing to R.E. Appellant did not object. Thus, appellant 
has not preserved error on this issue. Leday v. State, 983 S.W.2d 713, 
718 (Tex. Crim. App. 1998); Johnson v. State, 803 S.W.2d 272, 291 
(Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991), overruled 
on other grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991). 
We overrule appellant’s second point.
        In 
his third, fourth, and fifth points, appellant contends his trial counsel was 
ineffective for failing to object to the State’s remarks in its opening 
statement and closing argument during the punishment phase of the trial. 
Appellant did not file a motion for new trial or otherwise develop a record on 
this issue; thus, the record is silent as to counsel’s reasons for not 
objecting. We will not reverse the trial court’s judgment in this instance. See 
Hines v. State, 144 S.W.3d 90, 99 (Tex. App.—Fort Worth 2004, no pet.); see 
also Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) 
(stating that when the record is silent as to counsel’s reason for failing to 
object, the appellant fails to rebut the presumption that counsel acted 
reasonably). We overrule appellant’s third, fourth, and fifth points.
        In 
his sixth point, appellant contends his trial counsel was ineffective for 
incorrectly stating during jury argument on punishment that appellant had 
previously been convicted of “at least two other felony convictions” because 
he had a prior conviction for felony driving while intoxicated. In fact, the two 
prior convictions that enhanced appellant’s DWI to a felony were only 
misdemeanors. Appellant’s counsel never corrected his error.
        Even 
assuming that appellant’s counsel’s performance was deficient,[2] appellant cannot show that a reasonable probability exists 
that, but for counsel’s unprofessional errors, the result of the proceeding 
would have been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 
2068. State’s Exhibit Number 5, which was admitted into evidence, shows that 
both prior DWI convictions were misdemeanors. And the most emphasis the State 
placed on the DWIs was to explain why the last conviction was a felony even 
though appellant received only jail time. Counsel’s misstatement occurred when 
he was explaining to the jury that appellant had a drinking problem, not to 
justify a higher punishment, but to evoke sympathy and point out that 
appellant’s drinking problem could be cured with only fifteen or twenty years 
in prison. The State had already indicated it wanted the jury to assess 
punishment at life in prison.
        After 
appellant’s argument, the State explained that appellant had to have at least 
two other DWIs to qualify for a felony DWI conviction. In light of the 
circumstances of the misstatement, as well as the other punishment evidence that 
appellant sexually abused his own daughter and his stepdaughter, that he had 
prior convictions for assault on a family member and burglary, and that he 
attempted to flee to California when his daughter and stepdaughter told the 
police what he had done to them, we cannot conclude that the outcome of the 
proceeding would have been different if appellant’s counsel had not misstated 
the nature of his prior DWI convictions. See id. We overrule 
appellant’s sixth point.
        Having 
overruled appellant’s six points, we affirm the trial court’s judgment.
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL 
B:   LIVINGSTON, HOLMAN, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 
(1984); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).