11th Court of Appeals
Eastland, Texas
Opinion
 
Willie Lee Maxwell
            Appellant
Vs.                  No. 11-03-00226-CR -- Appeal from Dawson County 
State of Texas
            Appellee
 
            The jury convicted Willie Lee Maxwell of cocaine possession, and the trial court sentenced
him to 60 years confinement in the Institutional Division of the Texas Department of Criminal
Justice and a $20,000 fine. On appeal, Maxwell argues ineffective assistance of counsel. We affirm. 
            On February 18, 2000, law enforcement officers executed a search warrant at a residence in
Lamesa. Upon entering the residence, the officers ordered the occupants to the floor. One of the
officers noticed appellant crawling around on his stomach, whispering to the woman beside him, and
moving his left arm under his chest as if he was “trying to get rid of something.” The officer ordered
appellant to get up. As the officer helped appellant get up, he observed a bag lying on the floor in
the area that had been hidden underneath appellant’s chest. The bag contained a substance that the
officer believed to be crack cocaine. The contraband was confiscated and transported to the
Department of Public Safety laboratory in Midland for testing. The testing revealed the substance
to be 13.45 grams of cocaine. Appellant was subsequently indicted for cocaine possession. The
indictment also alleged that appellant had a prior felony conviction and that the offense was
committed in a school zone.
            On March 10, 2003, during jury selection, both parties conducted voir dire and made their
peremptory challenges. Dwight McDonald conducted voir dire for the defense. The following day,
McDonald’s partner, Ron McLaurin, objected to the State’s peremptory challenges, alleging racial
discrimination. The trial court asked the State to explain the reasons for its challenges. After
listening to the State’s explanation, the trial court ruled that the State’s challenges were not racially
motivated, and McLaurin promptly objected to the ruling. After the trial court overruled the
objection, the jury was brought into the courtroom, instructed, sworn, and began hearing the
evidence.
            In his only issue on appeal, appellant asserts that he was denied effective assistance of
counsel. Specifically, appellant contends that McLaurin failed to make a timely objection to the
State’s peremptory challenges.
            To determine whether appellant’s trial counsel rendered ineffective assistance, we must first
determine whether appellant has shown that counsel’s representation fell below an objective standard
of reasonableness and, if so, then determine whether there is a reasonable probability that the result
would have been different but for counsel’s errors. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). We must indulge a strong presumption
that counsel’s conduct fell within the wide range of reasonable professional assistance; and appellant
must overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Stafford v. State, 813 S.W.2d 503, 508-09 (Tex.Cr.App.1991). 
Based on the record before us, we cannot conclude that the representation provided by defense
counsel fell below an objective standard of reasonableness. 
            TEX. CODE CRIM. PRO. ANN. art. 35.261 (Vernon 1989) prohibits peremptory challenges
based on race. The article provides that the defendant may request the court to dismiss the array of
venire members and call for a new array in the case if the State exercises peremptory challenges for
reasons based on race. Article 35.261(a). The defendant must make the motion before the court has
impanelled the jury. Article 35.261(a). Appellant claims that defense counsel did not make the
motion until after the jury had been impanelled. We disagree.
            A jury is considered “impanelled” when the members of the jury have been both selected and
sworn. Hill v. State, 827 S.W.2d 860, 864 (Tex.Cr.App.1992). In this case, the jury was selected
on March 10, 2003. The jury was not sworn, however, until the following day, after McLaurin
objected to the State’s peremptory challenges. Counsel’s objection, therefore, was timely. See Hill
v. State, supra at 865.
            There is also no evidence in the record that the decision to wait until the following day before
making the objection prejudiced appellant’s case. The trial court did not rule that the objection was
untimely because it was not. The trial court heard the objection and ruled on it; and there is no
indication that, had defense counsel objected a day earlier, the trial court’s decision would have been
different. 
            Even if we were to hold that the objection was not timely, which we do not, we cannot rule
out the possibility that strategic considerations may have influenced the decision to wait until the
following day before making the objection. The record indicates that the State was caught off guard
by the timing of the objection because the State did not have its jury records in the courtroom when
the objection was made. Defense counsel may have anticipated this. The record also suggests that
McLaurin may have simply needed time to review his notes before reaching the conclusion that the
State’s peremptory challenges may have been based on race.
            Appellant has failed to overcome the strong presumption that the conduct of defense counsel
fell within the wide range of reasonable professional assistance. See Stafford v. State, supra. 
Because of this strong presumption, claims of ineffective assistance of counsel should be argued on
appeal only in cases in which counsel’s performance is clearly deficient and prejudicial to the client
and only after careful thought and in-depth analysis. See Beck v. State, 976 S.W.2d 265, 268
(Tex.App. - Amarillo 1998, pet’n ref’d). In this case, we conclude that both McLaurin and
McDonald were effective advocates for their client throughout the entire course of the proceedings,
including the jury selection process. We overrule appellant’s only issue on appeal.
            The judgment of the trial court is affirmed. 
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
June 30, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.