Opinion issued February 7, 2008















In The 

Court of Appeals

For The

First District of Texas






NO. 01-06-00840-CR

 __________


HECTOR BECERRA, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 50,848






MEMORANDUM OPINION

 Appellant, Hector Becerra, Jr., was convicted of aggravated sexual assault of
a child. In his sole appellate point, appellant argues that his trial counsel was
ineffective. We affirm.

Ineffective Assistance

 A jury found appellant guilty of aggravated sexual assault of a child (1) and
assessed punishment at 40-years confinement. On appeal, appellant claims that, based
on the totality of the representation, his trial counsel was ineffective.

Standard of Review

 In considering whether counsel's assistance was so ineffective that a reversal
of the conviction is warranted, we follow the standard enunciated in Strickland v.
Washington. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State,
988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999). Under the Strickland standard, we
determine (1) whether counsel's performance was deficient and (2) whether there is
a reasonable probability that, but for counsel's deficient performance, the result of the
proceeding would have been different. Strickland, 466 U.S. at 687, 694, 104 S. Ct. at
2064, 2068. 

Analysis

 We need not address the merits of his ineffective assistance claim, because
appellant has failed to specifically address prejudice under Strickland's second prong. 
The only parts in his brief which arguably bear on prejudice are statements that the
prejudicial effects of the elicited testimony are "unmeasured," "disastrous," and
"overwhelming," and that, in his closing argument, "counsel acknowledges that the
prior allegations are damning to the defense without acknowledging that he is the one
that [sic] put them in front of the jury." These assertions, however, are not proof that
there is a reasonable probability that, but for counsel's deficient performance, the
result of the proceeding would have been different. See Strickland, 466 U.S. at 694,
104 S. Ct. at 2068. Failure to provide proof of prejudice precludes relief. Ladd v.
State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999). We therefore overrule appellant's
issue. Conclusion

 We affirm the judgment of the trial court. 


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, Higley.Do not publish. Tex. R. App. P. 47.2(b)
1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2007).