In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00252-CR


______________________________




MARVIN OMAR ESPINAL ZELAYA, A/K/A


ZELAYA MARVIN-OMAR ESPINAL Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 296th Judicial District Court


Collin County, Texas


Trial Court No. 296-81455-04




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Marvin Omar Espinal Zelaya, a/k/a Zelaya Marvin-Omar Espinal (1) was convicted by a Collin
County jury of three charges of armed robbery. (2) The cases were tried together, and Zelaya now
appeals challenging all three convictions. (3) Because the issues raised in each appeal are identical,
for the reasons stated in our opinion dated this day, Zelaya v. State, No. 06-05-00251-CR, we affirm
the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 26, 2006

Date Decided: September 21, 2006


Do Not Publish


1. Appellant herein has a total of three appeals before us; and Appellant's single brief, arguing
all three cases, refers to him as Marvin Omar Espinal. But, confusingly, Appellant's name is
different in each of the three trial court judgments. In cause number 06-05-00251-CR, the judgment
refers to Appellant as Marvin Omar Espinal Zelaya, a/k/a Marvin Omar Espinal, and we refer to him
as Espinal throughout that opinion. In cause number 06-05-00252-CR--this case--the judgment
refers to Appellant as Marvin Omar Espinal Zelaya, a/k/a Zelaya Marvin-Omar Espinal and we refer
to him as Zelaya throughout this opinion. In cause number 06-05-00253-CR, the judgment refers
to Appellant as Marvin Omar Espinal Zelaya, and we refer to him as Zelaya throughout that opinion.
2. This case was transferred to this Court by order of the Texas Supreme Court's docket
equalization program.
3. See our opinions in cause numbers 06-05-00251-CR and 06-05-00253-CR.


 burden, the appellant must prove that counsel's representation fell below the
standard of prevailing professional norms and that there is a reasonable probability that,
but for counsel's deficiency, the result of the trial would have been different. Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000). (1) 

 Smith first contends trial counsel was ineffective because he did not seek a jury
instruction on mitigation of punishment for voluntarily releasing the victim in a safe place. 
At the punishment stage of a trial where the defendant has been found guilty of aggravated
kidnapping, the offense is a felony of the second degree--with a maximum imprisonment
of twenty years--instead of a felony of the first degree--with a maximum imprisonment of
life--if the defendant proves by a preponderance of the evidence that he or she voluntarily
released the victim in a safe place. Tex. Penal Code Ann. § 20.04(d) (Vernon 2003). 

 The only evidence relevant to this issue is that, after the assaults, Smith walked with
N.H. back to her friend's back yard, threw away the knife on the way, and left her there. 
Although the State argues, in a very brief discussion, that safe release was "debatable,"
the State directs us to no other evidence suggesting that the back yard of the house was
not a "safe place," as contemplated by the statute. The State suggests no other reason
for counsel to fail to request the statutory mitigation charge at punishment. Had he done
so, it appears clear the offense would have been lowered from a first-degree to a second-degree felony, with application of a lower range of punishment. Thus, it would seem that
harm could readily be shown. 

 In this case, however, it is not. Smith was charged with, and found guilty of,
aggravated kidnapping by abducting his victim with intent to abuse her sexually. See Tex.
Penal Code Ann. § 20.04(a)(4) (Vernon 2003). At the punishment phase, the jury found
an enhancement paragraph, based on Smith's 1994 felony conviction in Mississippi for
sexual battery, to be true. The "pen packet" introduced into evidence reflects that Smith
was convicted in Mississippi of raping a child under the age of fourteen years. That crime
corresponds to aggravated sexual assault under Section 22.021(a)(2)(B) of the Texas
Penal Code. Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2006). There is a
special enhancement statute for repeat offenders who are convicted of aggravated
kidnapping by abducting his or her victim with intent to abuse such victim sexually, and who
have been previously convicted under a laundry list of other statutes, one of which is
Section 22.021, or under the laws of another state containing elements substantially similar
to the elements of one of those listed offenses. Tex. Penal Code Ann. § 12.42(c)(2)(A)(ii),
(B)(ii), (B)(v) (Vernon Supp. 2006). The Mississippi conviction, if properly before the jury,
provided the necessary previous felony conviction for a mandatory life sentence under the
statute.

 Thus, even though under normal circumstances counsel should have requested the
charge which would potentially reduce the level of the crime to that of a second-degree
felony, it could make no difference to the ultimate outcome in this case. 

 Smith next contends counsel was ineffective because he did not object to improper
and prejudicial jury argument in which the State referred to Smith as a "hunter" in its
opening statement, and as a "sexual predator" during final argument on guilt/innocence
and again at final argument in the punishment stage. Smith also complains that his
counsel was ineffective because he did not object when the State described him in final
argument on guilt/innocence as "acting like an animal" and behaving like a "hunter." 

 The Code of Criminal Procedure allows the State's attorney to state in its opening
statement "the nature of the accusation and the facts which are expected to be proved by
the State in support thereof." Tex. Code Crim. Proc. Ann. art. 36.01(a)(3) (Vernon Supp.
2006). In the complained-of statement, the State, in describing Smith's appearance on the
night of the abduction, said: 

 He's going to be dressed a little unusually for someone who is visiting. He's
going to have on a baseball cap that's equipped with a camouflage netting
that comes down over the face. It's commonly used by hunters. And before
this trial is over, I think you'll come to understand that this Defendant, and the
evidence will show it, that he, too, was a hunter of a very particular kind. 


 Appellate review of trial counsel's representation is highly deferential and presumes
that counsel's actions fell within the wide range of reasonable and professional assistance. 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). As far as strategic or
tactical reasons for counsel's action or inaction, in the absence of direct evidence of
counsel's reasons for the challenged conduct, an appellate court will assume a strategic
motivation if any can be imagined. Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim. App.
2001). We will not conclude the challenged conduct constitutes deficient performance
unless the conduct was so outrageous that no competent attorney would have engaged
in it. Id.; see Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). As is usually
the case on direct appeal, the trial record does not reveal whether there could have been
sound reasons or trial strategy to justify counsel's performance. See Thompson, 9 S.W.3d
at 813-14. 

 The background for the statement is clearly a description of the facts that the State
expected to prove. The conclusion of his statement, however, edges into the area of
describing the character of the assailant rather than focusing entirely on the "facts
expected to be proved." Cf. Russell v. State, 904 S.W.2d 191, 197 (Tex. App.--Amarillo
1995, pet. ref'd) (even if State's statement was error, nothing in record indicating jury
unable to follow instruction to disregard).

 It is arguable the State's concluding statement was objectionable, but we do not find
that counsel acted below any reasonable level of professionalism by failing to object. 
There are many possible reasons why counsel may have decided not to object, including
something as simple as wanting to prevent the State from rephrasing the statement or
repeating it again in the presence of the jury. In the absence of anything in the record to
show the tactics or strategic reasoning of counsel, we cannot conclude counsel was
constitutionally ineffective in this instance.

 The remaining complaints concern the State's closing arguments where Smith was
described as a "sexual predator," "acting like an animal," and behaving like a "hunter." The
Texas Court of Criminal Appeals has said there are four proper areas of jury argument: 
(1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that
evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law
enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). (2) The
descriptions of the assailant were accurate shorthand representations of a person who
would enter a house in camouflage, abduct a fifteen-year-old child at knife point, and
repeatedly abuse and rape her for six hours--all of which was graphically shown by the
evidence. We find no shortcoming by counsel for failing to object to the arguments, and
as above, in the absence of anything in the record to show the tactics or strategic
reasoning of counsel, we cannot conclude counsel was constitutionally ineffective in this
instance.

 Smith also contends that counsel was ineffective because he did not object to the
admission of testimony about an extraneous offense--his forced entry into a house near
the one from which he abducted the victim--on the same night as the abduction. The
general rule is that, at the guilt/innocence phase of a prosecution, extraneous offenses are
not admissible to show action and conformity with bad character. The evidence must have
relevance apart from character conformity, i.e., it must make more or less probable an
elemental fact or a fact that inferentially leads to an elemental fact or tends to disprove in
the same way. Examples are to prove motive, opportunity, intent, preparation, blame,
knowledge, identity, or absence of mistake or accident. Montgomery v. State, 810 S.W.2d
372, 387 (Tex. Crim. App. 1990) (op. on reh'g). Further, the admission of extraneous
offense evidence is reviewed under an abuse of discretion standard. Rankin v. State, 974
S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh'g). 

 The evidence--identifying Smith as entering a woman's home wearing a hat with
camouflage netting--on the same night that he went next door and broke into another
woman's home--could arguably be admissible to show intent and to show preparation for
the crime ultimately committed. Again, under the tactical/strategic analysis set out above,
it is not apparent that counsel acted in a deficient manner by failing to object. 

 Smith also complains that his counsel should have objected to closing argument by
the State that referred to the expectations and demands of the community. The context
for that argument was concern for the protection of the community from such attacks. This
is no more than a plea for law enforcement, which is categorically acceptable. See
Jackson, 17 S.W.3d at 673. 

 The record in this case does not establish deficient performance by trial counsel. 
The contention is overruled. 

 Smith finally contends the trial court erred by admitting into evidence at the
punishment stage of trial, over his objection, the Mississippi "pen packet." Smith objected
at trial on the basis that the document was inadmissible because it was not "self proving." 
On appeal, he argues that the single signature on the certification of records form, and the
lack of a seal on that document, results in a failure to adequately comply with the rule
governing the self-authentication of a document, citing Tex. R. Evid. 902. 

 That rule provides several options for self-authentication. Subdivision (4) provides
that a certified copy of a public record need not be otherwise proven as authentic if it is
under a state seal. Smith's counsel contends there is no seal on the document. The
duplicate sent to this Court as part of the record does not show such a seal. However, a
raised--uncolored--seal is on the original exhibit. Thus, the requirements of Rule 902(4)
were adequately met, and error has not been shown.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: August 2, 2006

Date Decided: November 10, 2006


Do Not Publish
1. In Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999), the court held that
the Strickland review is also applicable at the punishment phase.
2. This Court has suggested a fifth area also proper for jury argument: the trial court's
charge to the jury. See Bessey v. State, 199 S.W.3d 546 (Tex. App.--Texarkana 2006,
pet. filed).