

# NUMBER 13-07-00254-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TOMMY LEE AGUIRRE,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant, Tommy Lee Aguirre, appeals from a first degree felony conviction of possession of a controlled substance, cocaine, with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (Vernon 2003). Aguirre sought the imposition of community service from the jury during the punishment phase of trial, but the jury assessed

punishment at 25 years' imprisonment and court costs. By one issue, Aguirre contends that he was denied effective assistance of counsel during the punishment phase of trial because testimony elicited by his trial counsel caused the jury to sentence him to prison rather than community supervision. We affirm.

## I. BACKGROUND

Aguirre was indicted by a San Patricio grand jury for possession of cocaine with intent to distribute. *Id*. Before trial, Aguirre filed a sworn "application for community supervision from the jury." *See* TEX. CODE OF CRIM. PROC. ANN. art. 42.12, § 4 (d)(3), (e) (Vernon Supp. 2007). In his application, Aguirre averred that he had "never before been convicted of a felony in the State of Texas." The jury found Aguirre guilty of the charged offense.

At the punishment phase of trial, the State waived its opening argument and did not offer any new evidence. Aguirre's trial counsel also waived opening argument during the punishment phase, but called several witnesses to testify. Aguirre's trial counsel first called Roberto S. Ramon, a probation officer, to testify about the community supervision program and its eligibility requirements. The defense also called Mike Mejias, the lead investigator in the case, to testify about whether Aguirre had previously been convicted of a felony.

The third defense witness was Aguirre. On direct examination, Aguirre testified that he had not been convicted of a felony in Texas or any other state; however, Aguirre also testified on direct examination that he had previously been placed on community supervision for misdemeanor possession of marihuana in 2005. Aguirre further testified to being incarcerated at the San Patricio County jail for approximately 120 days prior to the trial.

2

Before the State cross-examined Aguirre, the trial court held a bench conference regarding one of the several motions in limine that Aguirre had filed at the outset of the trial. The State wanted to pursue a line of questioning regarding Aguirre's previous convictions and failure to make a court appearance in November 2006. Aguirre's trial counsel objected and argued that such evidence was highly prejudicial and "d[id] not add anything to the jury [in their determination] of whether or not [Aguirre] should be considered for probation." The trial court permitted the State to pursue the questioning because the defendant testified that he was incarcerated, and the trial court stated that the "jury is entitled to an explanation of why [he was] in jail."

During cross-examination, Aguirre testified to violating his misdemeanor community supervision terms multiple times by (1) leaving Bee County, (2) failing to report to his probation officer, and (3) failing four urinalysis tests by testing positive for marihuana and cocaine. Aguirre also testified to missing his appointed court date for the indictment in the instant case in August and on November 6, 2006. Aguirre testified to missing the November court date due to being detained by law enforcement officials because a friend and passenger in a car Aguirre was in had a bag of cocaine that was discovered by the authorities. Aguirre then testified to being arrested on November 25, 2006, when a Mathis Police Department officer arrested him while he was putting gas in his vehicle. Aguirre also testified to timely appearing in court fifteen or sixteen times previously and claimed he now realized his "big mistake" by using drugs.

## II. Discussion

In a single issue, Aguirre contends that the jury would have assessed a different and more favorable punishment if he had been provided with effective assistance of counsel

3

at the punishment phase. Specifically, Aguirre alleges that his trial counsel was ineffective for allowing him to testify and, which subjected him to cross-examination led to his testimony concerning his previous convictions and previous failures to appear in court.

## A. Standard of Review

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The constitutional right to effective assistance of counsel merely insures the right to reasonably effective assistance. *See, e.g., Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). The right does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Id.*

In reviewing claims of ineffective assistance of counsel, we apply the two-prong *Strickland* test to determine whether assistance of counsel was so defective as to require reversal of the defendant's conviction. *Strickland*, 466 U.S. at 687. The *Strickland* test applies to claims of ineffective assistance of counsel at all phases of the trial. *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). To establish ineffective assistance of counsel under the *Strickland* test, appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland,* 466 U.S. at 687-94.

Furthermore, allegations of ineffective assistance of counsel must be firmly founded in the record, with the record affirmatively demonstrating the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). On direct appeal, a

reviewing court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 813-14. If there is at least the possibility that the conduct could have been legitimate trial strategy, the reviewing court must defer to counsel's decision and deny relief on an ineffective assistance of counsel claim on direct appeal. *Id*.

## B. Challenge to Ineffective Assistance of Counsel

Aguirre contends that his counsel was ineffective when he called Aguirre to the stand and introduced evidence of a prior conviction. We disagree.

Aguirre complied with the applicable regulations and made a timely application to the jury requesting community supervision. *See* CODE OF CRIM. PROC. ANN. art. 42.12 (d)(3), (e) (Vernon Supp. 2007). Defense counsel's questioning of Officer Ramon properly informed the jury of the community supervision eligibility requirements. Defense counsel attempted to question Mejias regarding Aguirre's criminal history in order to provide the evidence to the jury that Aguirre did not have any prior felony convictions such that he would be ineligible for community supervision. *See id.* art. 42.12 (d)(2). The State objected on the basis of hearsay, and the objection was sustained.

Defense counsel then called on Aguirre to establish that he had not been previously convicted of a felony, in order to establish his eligibility for community supervision. Before cross-examination, Aguirre's counsel reasserted his pre-trial motion in limine to prevent the State from introducing evidence of Aguirre's previous failure to appear in court such that it would prejudice the jury; the court allowed the State to proceed with the line of questioning. The State's line of questioning exposed Aguirre's multiple probation violations and his previous failures to appear in court. On appeal, Aguirre does not take issue with

5

the court's ruling, but only challenges his defense counsel's effectiveness in allowing him to testify.

After reviewing the record, we cannot say defense counsel's representation at trial was deficient such that it fell below the standard of prevailing professional norms. Aguirre's contentions fail to rebut the strong presumption that defense counsel's conduct fell within the wide range of reasonable personal assistance. *See Thompson*, 9 S.W.3d at 813-14.

Defense counsel called Aguirre to the stand to provide evidence demonstrating that he had no previous felony convictions and was eligible for community supervision. Prior to trial and cross-examination, asserted several motions in limine in an attempt to prevent the State from introducing evidence of Aguirre's criminal history, including his previous failures to appear in court. Defense counsel's decision to call Aguirre to the stand appears to be a legitimate trial strategy to pursue community supervision. *See Navejar v. State*, 730 S.W.2d 121, 125 (Tex. App. – Corpus Christi 1987, pet. ref'd*)* (providing that counsel's decision to have defendant testify and also expose defendant's previous felony convictions in order to be "up front" with the jury was legitimate trial strategy)*.*

Aguirre's testimony established that he had no prior felony convictions. Counsel could have also believed that his motions in limine could have prevented the line of questioning about the previously missed court appearances. Because there is a possibility that the conduct was legitimate trial strategy, we must defer to counsel's decision and deny relief on an ineffective assistance of counsel claim on direct appeal. *See Thompson*, 9 S.W.3d at 813-14; *see also Hernandez v. State,* 84 S.W.3d 26, 35 (Tex. App.–Texarkana 2006, pet. ref'd) (finding viable trial strategy if there is a plausible explanation that counsel called defendant to testify in order to fully disclose past misdeeds and argue defendant had

6

reformed and would be an appropriate community supervision candidate).  Aguirre's sole issue is overruled.

### III. Conclusion

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 26th day of June, 2008.