

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0777-08

**GERALD WAYNE SMITH, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

In *Hernandez*, the majority overruled the "reasonably effective assistance of counsel" standard from *Ex Parte Duffy* in favor of *Strickland*'s requirement that a defendant show that he was prejudiced by his attorney's deficient performance.[1]  What's more, the majority in *Hernandez* gave no reason for abandoning the *Duffy* standard, only stating: "[W]e perceive no valid reason why *Strickland* cannot apply, or why a different

---

[1]*See Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *Ex Parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980); *Strickland v. Washington*, 466 U.S. 668 (1984).

rule should apply, to noncapital sentencing proceedings." *Hernandez*, 988 S.W.2d at 772. The obvious reason for applying a different rule to claims involving ineffective assistance at punishment is that the *Strickland* standard is a barrier that cannot be met in this context.

In the ten years since we switched from *Duffy*'s "reasonably effective assistance of counsel" to the *Strickland* standard, we have not granted relief in a single case raising ineffective assistance of counsel at punishment. Basically, as long as the sentence is within the normative punishment range, the Court can say that the defendant has not shown harm. Thus, even if a defendant receives substandard representation, it is impossible for him to show that his sentence would be different if his counsel had not been deficient.

In *Hernandez*, I joined Judge Price's dissent to the majority's application of the *Strickland* prejudice standard to noncapital sentencing proceedings. Now writing for the majority, Judge Price perpetuates that unworkable standard. Therefore I respectfully dissent.

Meyers, J.

Filed: June 17, 2009

Publish