

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,318

### Ex Parte NEWMAN ELMO JONES, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-01-19324 IN THE 91ST DISTRICT COURT FROM EASTLAND COUNTY

*Per Curiam.*

Pursuant to a plea agreement, applicant pled guilty to aggravated sexual assault of a child and received ten years deferred adjudication. A motion to adjudicate was later filed, and applicant was adjudicated and sentenced to twenty years in prison. Applicant now contends, *inter alia*, that his attorney at the adjudication hearing was ineffective for failing to call twenty-five character witnesses who would have provided mitigating evidence at punishment.[1] The habeas trial judge currently recommends granting relief, based upon agreed findings of fact submitted by the parties. These agreed findings were submitted pursuant to an agreement to compromise and settle differences regarding a mandamus petition filed by applicant and a request by him for attorney's fees with

---

[1] Applicant also contends that counsel was ineffective for failing to call a mental health expert. Given our disposition of the case, we need not address that contention.

respect to that petition. Although we question the validity of this type of settlement agreement, we nevertheless conclude that the trial judge's findings with respect to the ineffective assistance claim involving the character witnesses are supported by the record, and we therefore grant relief.

Applicant was the only person to testify at the punishment stage of the adjudication hearing, though the trial judge also considered earlier, adjudication-stage testimony from a probation officer and applicant's mother. In his habeas application, applicant claims that there were twenty-five people who would have testified to his good character, if only his attorney had contacted them. We originally remanded this application to the trial court because counsel had not been afforded an opportunity to respond to the allegations. On remand, counsel submitted an affidavit explaining that he had asked applicant and applicant's parents to supply the names of witnesses who would be willing to testify in mitigation of punishment. According to counsel's affidavit, they never did so.

Although he relied upon counsel's affidavit, the trial judge made no explicit fact findings regarding whether counsel had indeed asked applicant for the names of any mitigation witnesses. Rather, the trial judge simply summarized the evidence counsel did present at the hearing and concluded that counsel's performance was not deficient. The trial judge also concluded that applicant was not prejudiced because the offense was serious and applicant's punishment of twenty years was at the low end of the range of punishment, which could have been up to ninety-nine years or life.

Applicant filed objections to these findings, but the objections were not initially forwarded to this Court. As a result, applicant filed a mandamus petition arguing that the trial judge and the district clerk violated their ministerial duties under article 11.07 § 3(d), and applicant asked for attorney's fees to cover the cost of the work associated with the mandamus petition.

We remanded the habeas application for a second time for a live evidentiary hearing and for further findings of fact and conclusions of law. The parties subsequently reached an agreement "to compromise and settle any and all controversies and disputes" with respect to allegations raised by applicant about the conduct of "any officer or employee of the Eastland County Criminal District Attorney's Office, the Eastland County District Clerk's Office, and the 91st District Court of Eastland County" ("settlement agreement").[2] The settlement agreement provided, at least in part, that applicant would withdraw his requests for mandamus relief and for attorney's fees, the State and applicant would prepare agreed findings of fact and conclusions of law that applicant was entitled to a new sentencing hearing ("agreed findings"), the trial judge would adopt those findings, the trial judge would sentence applicant to twelve years if a new sentencing hearing were granted–making him immediately eligible for parole, and the State would agree not to oppose applicant's request to have his parole transferred to Tennessee.

The agreed findings included a finding that applicant's affidavit was credible and recited applicant's statement therein that he asked counsel about witnesses but was told not to worry. The agreed findings also included statements from the affidavits of the twenty-five mitigation witnesses and included a finding that these affidavits were credible. The agreed findings also referred to the settlement agreement. The agreed findings concluded that counsel's performance was deficient and that applicant was prejudiced because "the wealth of available mitigating evidence not presented at the sentencing stage, taken as a whole, painted a dramatically different picture of applicant." As a result of the settlement agreement and the agreed findings, no live evidentiary hearing was held.

---

[2] We also note that the habeas record contains correspondence between habeas counsel and the assistant district attorney in which defense counsel seems to suggest that an improper ex parte communication occurred between the assistant district attorney and the trial judge.

We remanded the case a third time for a live evidentiary hearing. At the evidentiary hearing, counsel was asked how he was feeling the day he represented applicant in court. Counsel explained that, upon reflection, he realized that he had been very ill that day—that he was coming down with the flu and was sneezing, coughing, and congested. Counsel suggested that, based upon his physical condition, he should have asked for a continuance. Counsel also explained that, upon reflection, he did "not remember specifically whether or not there was . . . a conversation" between him and applicant about the need for producing mitigation witnesses, but he stated that there "may very well have been such a conversation." Applicant testified that counsel never talked to him about the need to bring character witnesses to testify in mitigation of punishment. Applicant also testified that counsel appeared to be sick on the day the adjudication hearing was held.

In a revised set of agreed findings, the trial judge found that counsel was very ill on the day of the adjudication hearing and should have requested a continuance. Referring to counsel's testimony that he could not remember whether he had a conversation with applicant regarding mitigation witnesses, the trial judge stated in finding number six: "While the Court finds [counsel's] testimony to be credible, it cannot find that a conversation between applicant and [counsel] took place as regards the need to call character witnesses in mitigation of punishment." The trial judge also found credible applicant's testimony to the effect that there was "never a time when applicant and trial counsel had a discussion about the necessity of calling character witnesses in mitigation of punishment at the sentencing stage of applicant's adjudication hearing." The revised set of agreed findings reiterated statements in the earlier set of agreed findings regarding the settlement agreement, the content of testimony of the twenty-five witnesses, the credibility of that testimony, and the conclusions regarding deficient performance and prejudice.

Texas courts apply the two-pronged standard established in *Strickland v. Washington*,[3] to resolve ineffective assistance of counsel claims that arise from the punishment stage of a non-capital trial.[4] The two-pronged standard requires a showing of (1) deficient performance, and (2) prejudice.[5] To establish deficient performance, the defendant must show that his counsel's assistance fell below an objective standard of reasonableness.[6] To show prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[8]

We find to be highly questionable any attempt by the parties and the trial court to resolve an ineffective assistance inquiry on habeas on the basis of a settlement agreement, as if the case were a mere civil suit. Moreover, the trial judge, as the respondent in the mandamus action that is to be dismissed, could be seen to benefit from that agreement. Nevertheless, in view of the testimony at the evidentiary hearing on the third remand, we conclude that the record supports the trial court's determination that counsel was deficient with respect to his failure to investigate and call character witnesses. We note that the trial judge who initially assessed the twenty-year sentence is the same judge who has now determined that the additional witnesses would have affected sentencing. We therefore agree that the record supports the conclusion that, had these witnesses been called, there

---

[3] 466 U.S. 668 (1984).

[4] *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999).

[5] *Strickland*, 466 U.S. at 687.

[6] *Id.* at 688.

[7] *Id.* at 694.

[8] *Id.*

was a reasonable probability that the outcome would have been different.

We remand the case for a new punishment hearing.


Delivered: June 16, 2010
Do not publish