IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,318






Ex Parte NEWMAN ELMO JONES, III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-01-19324 IN THE 91ST DISTRICT COURT 


FROM EASTLAND COUNTY






 Per Curiam.


 Pursuant to a plea agreement, applicant pled guilty to aggravated sexual assault of a child and
received ten years deferred adjudication. A motion to adjudicate was later filed, and applicant was
adjudicated and sentenced to twenty years in prison. Applicant now contends, inter alia, that his
attorney at the adjudication hearing was ineffective for failing to call twenty-five character witnesses
who would have provided mitigating evidence at punishment. (1) The habeas trial judge currently
recommends granting relief, based upon agreed findings of fact submitted by the parties. These
agreed findings were submitted pursuant to an agreement to compromise and settle differences
regarding a mandamus petition filed by applicant and a request by him for attorney's fees with
respect to that petition. Although we question the validity of this type of settlement agreement, we
nevertheless conclude that the trial judge's findings with respect to the ineffective assistance claim
involving the character witnesses are supported by the record, and we therefore grant relief.

 Applicant was the only person to testify at the punishment stage of the adjudication hearing,
though the trial judge also considered earlier, adjudication-stage testimony from a probation officer
and applicant's mother. In his habeas application, applicant claims that there were twenty-five
people who would have testified to his good character, if only his attorney had contacted them. We
originally remanded this application to the trial court because counsel had not been afforded an
opportunity to respond to the allegations. On remand, counsel submitted an affidavit explaining that
he had asked applicant and applicant's parents to supply the names of witnesses who would be
willing to testify in mitigation of punishment. According to counsel's affidavit, they never did so. 
 Although he relied upon counsel's affidavit, the trial judge made no explicit fact findings
regarding whether counsel had indeed asked applicant for the names of any mitigation witnesses. 
Rather, the trial judge simply summarized the evidence counsel did present at the hearing and
concluded that counsel's performance was not deficient. The trial judge also concluded that
applicant was not prejudiced because the offense was serious and applicant's punishment of twenty
years was at the low end of the range of punishment, which could have been up to ninety-nine years
or life.

 Applicant filed objections to these findings, but the objections were not initially forwarded
to this Court. As a result, applicant filed a mandamus petition arguing that the trial judge and the
district clerk violated their ministerial duties under article 11.07 § 3(d), and applicant asked for
attorney's fees to cover the cost of the work associated with the mandamus petition.

 We remanded the habeas application for a second time for a live evidentiary hearing and for 
further findings of fact and conclusions of law. The parties subsequently reached an agreement "to
compromise and settle any and all controversies and disputes" with respect to allegations raised by
applicant about the conduct of "any officer or employee of the Eastland County Criminal District
Attorney's Office, the Eastland County District Clerk's Office, and the 91st District Court of Eastland
County" ("settlement agreement"). (2) The settlement agreement provided, at least in part, that
applicant would withdraw his requests for mandamus relief and for attorney's fees, the State and
applicant would prepare agreed findings of fact and conclusions of law that applicant was entitled
to a new sentencing hearing ("agreed findings"), the trial judge would adopt those findings, the trial
judge would sentence applicant to twelve years if a new sentencing hearing were granted-making
him immediately eligible for parole, and the State would agree not to oppose applicant's request to
have his parole transferred to Tennessee.

 The agreed findings included a finding that applicant's affidavit was credible and recited
applicant's statement therein that he asked counsel about witnesses but was told not to worry. The
agreed findings also included statements from the affidavits of the twenty-five mitigation witnesses 
and included a finding that these affidavits were credible. The agreed findings also referred to the
settlement agreement. The agreed findings concluded that counsel's performance was deficient and
that applicant was prejudiced because "the wealth of available mitigating evidence not presented at
the sentencing stage, taken as a whole, painted a dramatically different picture of applicant." As a
result of the settlement agreement and the agreed findings, no live evidentiary hearing was held. 

 We remanded the case a third time for a live evidentiary hearing. At the evidentiary hearing,
counsel was asked how he was feeling the day he represented applicant in court. Counsel explained
that, upon reflection, he realized that he had been very ill that day--that he was coming down with
the flu and was sneezing, coughing, and congested. Counsel suggested that, based upon his physical
condition, he should have asked for a continuance. Counsel also explained that, upon reflection, he
did "not remember specifically whether or not there was . . . a conversation" between him and
applicant about the need for producing mitigation witnesses, but he stated that there "may very well
have been such a conversation." Applicant testified that counsel never talked to him about the need
to bring character witnesses to testify in mitigation of punishment. Applicant also testified that
counsel appeared to be sick on the day the adjudication hearing was held.

 In a revised set of agreed findings, the trial judge found that counsel was very ill on the day
of the adjudication hearing and should have requested a continuance. Referring to counsel's
testimony that he could not remember whether he had a conversation with applicant regarding
mitigation witnesses, the trial judge stated in finding number six: "While the Court finds [counsel's]
testimony to be credible, it cannot find that a conversation between applicant and [counsel] took
place as regards the need to call character witnesses in mitigation of punishment." The trial judge
also found credible applicant's testimony to the effect that there was "never a time when applicant
and trial counsel had a discussion about the necessity of calling character witnesses in mitigation of
punishment at the sentencing stage of applicant's adjudication hearing." The revised set of agreed
findings reiterated statements in the earlier set of agreed findings regarding the settlement agreement,
the content of testimony of the twenty-five witnesses, the credibility of that testimony, and the
conclusions regarding deficient performance and prejudice.

 Texas courts apply the two-pronged standard established in Strickland v. Washington, (3) to
resolve ineffective assistance of counsel claims that arise from the punishment stage of a non-capital
trial. (4) The two-pronged standard requires a showing of (1) deficient performance, and (2) prejudice. (5)
To establish deficient performance, the defendant must show that his counsel's assistance fell below
an objective standard of reasonableness. (6) To show prejudice, he must show "a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (7) 
"A reasonable probability is a probability sufficient to undermine confidence in the outcome." (8)

 We find to be highly questionable any attempt by the parties and the trial court to resolve an
ineffective assistance inquiry on habeas on the basis of a settlement agreement, as if the case were
a mere civil suit. Moreover, the trial judge, as the respondent in the mandamus action that is to be
dismissed, could be seen to benefit from that agreement. Nevertheless, in view of the testimony at
the evidentiary hearing on the third remand, we conclude that the record supports the trial court's
determination that counsel was deficient with respect to his failure to investigate and call character
witnesses. We note that the trial judge who initially assessed the twenty-year sentence is the same
judge who has now determined that the additional witnesses would have affected sentencing. We
therefore agree that the record supports the conclusion that, had these witnesses been called, there
was a reasonable probability that the outcome would have been different.

 We remand the case for a new punishment hearing.


Delivered: June 16, 2010

Do not publish
1. Applicant also contends that counsel was ineffective for failing to call a mental health
expert. Given our disposition of the case, we need not address that contention.
2. We also note that the habeas record contains correspondence between habeas counsel
and the assistant district attorney in which defense counsel seems to suggest that an improper ex
parte communication occurred between the assistant district attorney and the trial judge.
3. 466 U.S. 668 (1984).
4. Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).
5. Strickland, 466 U.S. at 687. 
6. Id. at 688.
7. Id. at 694.
8. Id.