NO









NO. 12-09-00437-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JERMAINE ACEVEDO GILLIAM,

APPELLANT                                                     '     APPEAL
FROM THE 114TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Jermaine
Acevedo Gilliam appeals his conviction for aggravated robbery. In his sole
issue on appeal, Appellant argues that his trial counsel rendered ineffective
assistance of counsel.  We affirm.

Background

Appellant
was charged by indictment with the offense of aggravated robbery, a first
degree felony.[1] 
The indictment also alleged that Appellant used or exhibited a deadly weapon,
an automobile, during the commission of the offense.  Appellant entered an open
plea of guilty to the offense charged in the indictment.  Appellant and his
counsel signed an agreed punishment recommendation, an acknowledgment of
admonishments, a waiver of trial by jury, a waiver of confrontation, an
agreement to stipulate testimony, and a written stipulation of evidence in
which Appellant judicially confessed to the offense alleged in the indictment.  He
and his counsel also signed a waiver of motion for new trial and motion in
arrest of judgment, and a waiver of the right to appeal. 

The
trial court accepted Appellant=s
plea, found that the evidence submitted substantiated Appellant’s guilt,
deferred further proceedings without entering an adjudication of guilt, and
ordered that Appellant be placed on deferred adjudication community supervision
for ten years.[2] 
The trial court also ordered that Appellant pay court costs and restitution.  The
State filed a first amended application to proceed to final adjudication,
alleging that Appellant had violated the terms of his community supervision.  At
the hearing on the application, Appellant pleaded Atrue@
to the allegations contained in the State=s
application.  After testimony and argument, the trial court found it true that
Appellant violated the terms of his community supervision as set forth in the
State’s application, revoked Appellant’s community supervision, and proceeded
to final adjudication.  During Appellant’s trial counsel’s argument on
punishment, he stated that the trial court could sentence Appellant to
imprisonment or could place him on community supervision for a maximum of ten
years.  Later, trial counsel requested that the trial court sentence Appellant
to ten years of community supervision.  In response, the State argued that the
evidence supported a deadly weapon finding and, as such, community supervision
was not appropriate. 

After
hearing argument, the trial court adjudged Appellant guilty as charged of
aggravated robbery and assessed his punishment at twenty-five years of
imprisonment, plus court costs and restitution.[3]
 At the end of the hearing, the trial court made an affirmative finding of the
use of a deadly weapon, an automobile.  This appeal followed.

 

Ineffective Assistance of Counsel

            In
his sole issue on appeal, Appellant contends that his trial counsel rendered
ineffective assistance of counsel because trial counsel requested a sentence
that the trial court was not authorized by law to impose.  The State disagrees.

Standard
of Review

In
reviewing an ineffective assistance of counsel claim, we follow the United
States Supreme Court=s
two pronged test in Strickland v. Washington, 466 U.S. 668, 104
S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1986).  Under the first prong of the Strickland
test, an appellant must show that counsel=s
performance was Adeficient.@  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d
707, 712 (Tex. Crim. App. 2000).  AThis
requires showing that counsel made errors so serious that counsel was not
functioning as the >counsel= guaranteed the defendant
by the Sixth Amendment.@
 Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  To be
successful, an appellant must Ashow
that counsel=s
representation fell below an objective standard of reasonableness.@  Id., 466
U.S. at 688, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712.

Under
the second prong, an appellant must show that the Adeficient performance prejudiced the defense.@  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712.  The
appropriate standard for judging prejudice requires an appellant to Ashow that there is a
reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.@  Strickland,
466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  The
Strickland standard applies to ineffective assistance of counsel
claims alleging a deficiency in attorney performance at noncapital sentencing
proceedings. Hernandez v. State, 988 S.W.2d 770, 771 (Tex. Crim.
App. 1999) (overruling Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim.
App. 1980)).

Review
of a trial counsel=s
representation is highly deferential.  Tong, 25 S.W.3d at 712.We
indulge in a Astrong
presumption that counsel=s
conduct falls within the wide range of reasonable professional assistance.@  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.  It is the appellant=s burden to overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Id., 466 U.S. at 689, 104 S. Ct.
at 2065; Tong, 25 S.W.3d at 712.  Moreover, any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Failure to make the required showing
of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim.  Id.  Appellant must prove both prongs of
the Strickland test by a preponderance of the evidence in order
to prevail.  Tong, 25 S.W.3d at 712. 

Applicable
Law

            A
person commits the offense of aggravated robbery if he commits robbery as
defined in section 29.02, and he uses or exhibits a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(1)
(Vernon 2003).  A trial court may not place a defendant on community
supervision if he has been adjudged guilty of an offense under section 29.03 of
the Texas Penal Code, i.e., aggravated robbery.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§§ 3(a), 3g(a)(1)(F) (Vernon Supp. 2010). 

Analysis

Appellant
argues that his trial counsel failed to provide effective representation
because trial counsel requested a sentence that the trial court was not
authorized by law to impose.  After the trial court revoked Appellant’s
community supervision, but before he had been adjudicated guilty of aggravated
robbery, trial counsel requested that Appellant again be placed on community
supervision.  However, Appellant asserts, the trial court was prohibited from
assessing community supervision because he was ultimately adjudicated guilty of
aggravated robbery.  See Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 3(a), 3g(a)(1)(F).  

It
is Appellant=s burden
to overcome the presumption that, under the circumstances, the challenged
action might be considered sound trial strategy.  Strickland, 466
U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712.  Moreover,
any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  But Appellant did not file a motion for new trial and call
his trial counsel as a witness to explain his reasoning.  See Bone v.
State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense
counsel should be given opportunity to explain actions before being condemned
as unprofessional and incompetent); see also Anderson v. State,
193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006,  pet. ref'd) (holding
that because appellant did not call his trial counsel during motion for new
trial hearing to give reasons for failure to investigate or present mitigating
evidence, record does not support ineffective assistance claim).  Because the
record does not show deficient performance, we conclude that Appellant has
failed to meet the first prong of the Strickland test. See
Thompson, 9 S.W.3d at 813.

Even
if Appellant had met the first prong of the Strickland test, he
has failed to show that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.  See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong,
25 S.W.3d at 712.  Appellant did not argue in his brief how trial counsel’s
request that he be placed on community supervision caused him harm.  Because
Appellant failed to show that the result of the proceeding would have been
different if his trial counsel had not requested community supervision, he has
failed to meet the second prong of the Strickland test.  See
Id., 466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25
S.W.3d at 712.  Therefore, even if he had met the first prong of Strickland,
he still could not prevail.  Appellant=s
sole issue is overruled.

Disposition

The
judgment of the trial court is affirmed.

            

            

                                                                                                
JAMES T. WORTHEN    

                                                                                                            Chief
Justice

Opinion delivered November 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









[1] 
See Tex. Penal Code Ann. §
29.03 (a)(2), (b) (Vernon 2003).

 





[2]  See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2010). 





[3] An individual adjudged guilty of a first degree
felony shall be punished by imprisonment for life or for any term of not more
than ninety-nine years or less than five years and, in addition, a fine not to
exceed $10,000.  Tex. Penal Code Ann. §
12.32 (Vernon Supp. 2010).