Opinion filed May 27, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00201-CR
_____

**DERRELL WAYNE GIBSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11045-D**

## MEMORANDUM OPINION

On March 2, 2012, Appellant, Derrell Wayne Gibson, pleaded guilty to conspiracy to manufacture methamphetamine and was sentenced to community supervision for four years. On June 20, 2013, a motion to revoke community supervision was filed against Appellant for violations of his community supervision conditions. Instead of revoking Appellant's community supervision, the conditions of his community supervision were amended and included an alternative to incarceration, which required Appellant to serve up to twelve months in the Taylor-Callahan-Coleman Counties Substance Abuse Treatment Facility. Appellant was

ordered to remain within the confines of the treatment facility unless authorized to leave by the director of the facility. On or about July 30, 2013, Appellant left the court-ordered treatment facility without authorization and was not found until September 2013. Appellant's community supervision was revoked on January 2, 2014, and he was indicted in this case on December 19, 2013, for unauthorized absence from a community correction facility.

At the guilt/innocence phase of the trial in this case, the jury convicted Appellant of the offense of unauthorized absence from a community correction facility. In the punishment phase of the trial, Appellant entered a plea of true to the first enhancement paragraph and a plea of not true to the second enhancement paragraph. At the conclusion of the punishment phase, the trial court found that both enhancement paragraphs were true and assessed Appellant's punishment at nine years' confinement. We affirm.

In a single issue, Appellant argues that he received ineffective assistance of counsel. In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether he has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986).

We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Thus, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the record on direct appeal will not be sufficient to show that trial counsel's performance was so lacking as to overcome the presumption of reasonable conduct. *Id.* at 813–14.

Appellant asserts that defense counsel failed to provide the trier of fact with sufficient evidence to fairly decide the case because he failed to properly investigate and prepare for trial, failed to adequately cross-examine witnesses, failed to object to statements made in closing argument in violation of Appellant's motion in limine, failed to present a closing argument, and failed to elect that the jury assess his punishment. Appellant argues that, had defense counsel performed his duties and requested sentencing by the jury, the result may have been different.

The State argues that Appellant has shown neither that trial counsel's performance fell below an objective standard of reasonableness nor that the outcome of the trial would have been different but for trial counsel's alleged errors. The State contends that there is nothing in the record to show that trial counsel did not investigate or prepare for trial. Additionally, the State rightly asserts that trial counsel did cross-examine a witness on the only possible issue upon which trial counsel could have defended Appellant—the reason why Appellant left the facility. The State maintains that the motion in limine was not violated because the only mention of another case was the conviction for which Appellant was sent to the treatment facility. Further, that conviction was part of the proof of this offense, and it was agreed upon that it would be admitted as evidence. Finally, the State argues that the record is devoid of any timely mention of a possible election to have the jury assess punishment.

We agree with the State. Appellant has not shown that his counsel's representation fell below an objective standard of reasonableness. The record is

silent as to whether trial counsel properly investigated and prepared for trial, whether Appellant requested to be sentenced by the jury prior to his conviction, and to trial counsel's reasons for not presenting a closing argument. Further, trial counsel presented the only likely defense Appellant had: leaving the facility for good cause. Trial counsel presented this defense when he cross-examined Amy Saunders, a community supervision officer with the Taylor County Department of Corrections. Trial counsel asked Saunders if her records showed any reason Appellant might have left the facility. When Saunders answered that Appellant was worried that his "stuff" was not being taken care of, trial counsel asked Saunders what "stuff" Appellant was referring to and where it was located. As to Appellant's argument that trial counsel failed to object to statements made in closing argument in violation of the motion in limine, we are unable to discern from Appellant's brief what part of the State's closing argument Appellant deems objectionable. Therefore, Appellant has not overcome the presumption that his counsel's actions were within the wide range of reasonable assistance of counsel. We hold that Appellant has not shown that trial counsel was deficient; therefore, he has not met the first prong of *Strickland*. Because Appellant has not met his burden under the first prong of *Strickland*, we need not discuss the second prong. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE

May 27, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.